Per Curiam.
The order of the Appellate Division granting a new trial is correct. The indictment, being in the long form, is defective insofar as it charges burglary in the first degree by omitting the essential allegation that it occurred in the nighttime (Penal Law, § 402, subd. 4), and, being in the long form, it could not be amended nor the deficiency supplied by a bill of particulars or ignored (People v. Ercole, 308 N. Y. 425). Nevertheless the indictment is not to be dismissed inasmuch as even if the offense were committed in the daytime it would be burglary in the second degree (Penal Law, § 403). The misnomer in describing the offense as in the first instead of in the second degree is of no moment if the specific allegations of fact are sufficient (People v. Valentine, 147 App. Div. 31, 34, affd. 205 N. Y. 556; People v. Miller, 143 App. Div. 251, 256, affd. 202 N. Y. 618), as they are here to describe the ingredients of burglary in the second degree.
The order appealed from is affirmed.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Order affirmed.