OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*850 Defendant was charged in an indictment with various offenses, including reckless endangerment and criminal possession of a weapon in the second degree, resulting from an incident in which he discharged a firearm in the direction of several men. In the words of the indictment, the weapon possession count accused him "of the crime of criminal possession of a weapon in the second degree, an armed felony, committed as follows: The defendant Dennis H. Ray, on or about the 30th day of December, 1982, in the County of Nassau, State of New York, did possess a loaded firearm with intent to use the same against the person of Eric Jarrett.” Following a jury trial, defendant was convicted of the weapon possession count and lesser offenses and sentenced to concurrent terms of imprisonment. On appeal, he argues that the indictment was jurisdictionally defective because it failed to allege that he intended to use the firearm unlawfully — one of the elements contained in the statutory definition of second degree weapon possession (Penal Law § 265.03).
"[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime.” (People v Iannone, 45 NY2d 589, 600; People v Motley, 69 NY2d 870, 872.) While no particular form is constitutionally mandated, an indictment must afford a defendant "fair notice of the charges made against him, so that he can prepare a defense and in order to avoid subsequent attempts to retry him for the same crime or crimes.” (People v Wright, 112 AD2d 38, 39 [dissenting opn], revd on dissent 67 NY2d 749.) Here, the indictment has incorporated Penal Law § 265.03 and the elements of the crime of criminal possession of a weapon in the second degree by adopting the title of the statute, and dismissal of the indictment was correctly denied because it afforded defendant "fair notice of the charges made against him”. (See, id.; People v Cohen, 52 NY2d 584, 586.) We note that while reaching the correct result, the Appellate Division incorrectly determined that dismissal was not required because the omission of the word "unlawfully” was "merely a ministerial error”, relying on People v Wright (supra). In Wright, however, dismissal was denied because the indictment incorporated the statutory elements of the crime charged by reference to the statute; alleged ministerial error was not the basis for the decision there, nor is it here.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the *851 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.