■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR GRAY, Appellant.—Judgment, Supreme Court, Bronx County (Bernard Fried, J., on motion to amend indictment; Frank Torres, J., at jury trial and sentence), rendered March 2, 1988, convicting the defendant of burglary in the second degree, criminal mischief in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 4 to 8 years on the burglary count and of 1½ to 3 years on the criminal mischief count, and to definite terms of imprisonment of six months on the larceny and possession of stolen property counts, unanimously modified, on the law and on the facts, to the extent of vacating the sentence imposed for criminal mischief in the fourth degree and imposing a sentence on such conviction of a definite term of imprisonment of six months to run concurrently, and as so modified, affirmed.

On July 24, 1987 the defendant was indicted by a Bronx

County Grand Jury (indictment number 4473-87) for, *inter alia,* burglary in the second degree.

The Grand Jury was presented with testimony that on July 12, 1987 at approximately 12:00 noon, while no one was home, the defendant entered apartment 5-D at 1027 Walton Avenue without the permission of the tenant Melvi Montes and stole a television set. A neighbor, hearing a noise coming from the apartment, entered with a key, found Gray holding a television and screamed. Another neighbor, hearing the scream, looked out of a window and observed Gray fleeing down a fire escape with a television in hand. With respect to the burglary charge, the Grand Jury minutes reveal that the Assistant District Attorney charged the Grand Jury on Penal Law § 140.25 (2), as follows: "I ask you to consider one count of Penal Law section 140.25, burglary in the second degree, subdivision two; a person is guilty of burglary in the second degree when, he knowingly enters or remains unlawfully in a building with intent to commit a crime therein and when, the building is a dwelling."

However, the indictment as originally filed incorrectly charged a violation of Penal Law § 140.25 (1) (b), alleging that the defendant "did knowingly enter or remain unlawfully in the building of Melvi Montes with intent to commit a crime therein, and in effecting entry or while in the building or in immediate flight therefrom, the defendant caused physical injury to Melvi Montes, who was not a participant in the crime."

A bill of particulars dated September 14, 1987 correctly advised the defendant of the theory of the People's case. Thereafter, by notice of motion dated December 18, 1987 the People sought, pursuant to CPL 200.70, to amend the indictment. The defendant submitted no papers in opposition. Following an in camera inspection of the Grand Jury minutes, the motion court, by order of January 8, 1988, granted the People's motion.

The amendment corrects a clerical error and conforms the indictment to the theory of the prosecution as reflected in the evidence before the Grand Jury. (CPL 200.70 [1], [2]; *People v Jackson,* 111 AD2d 983 [3d Dept 1985]; *People v Heaton,* 59 AD2d 704 [2d Dept 1977]; *see also, People v Grega,* 72 NY2d 489, 495-496.) Nor does the record reveal prejudice to the defendant. The bill of particulars gave adequate notice of the factual allegations and the People's motion was made several weeks prior to trial. Nor did the defendant request an adjournment of trial pursuant to CPL 200.70 (1).

The sentence for the defendant's conviction of criminal mischief in the fourth degree, a class A misdemeanor, was error. Because the minutes clearly reflect the view of the sentencing Judge that the minimum sentence in this case was appropriate, we vacate and impose a definite term of six months on that conviction, to run concurrently with the defendant's sentences for burglary, petit larceny and criminal possession of stolen property. Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.