OPINION OF THE COURT
William C. Donnino, J.
The issue presented is whether the court should grant the District Attorney’s application to amend count two of the *271 indictment charging intentional murder under Penal Law § 125.25 (1) by substituting in its place the charge of depraved mind murder under Penal Law § 125.25 (2). The court denied that application for the following reasons.
Defendant is charged with two counts of murder in the second degree; both counts are identical and factually charge the defendant, pursuant to Penal Law § 125.25 (1), with the intentional murder of her infant daughter. According to the District Attorney, the Grand Jury voted to indict defendant on one count of intentional murder and one count of depraved mind murder, but due to a clerical error, count two was drafted to read intentional murder and not depraved mind murder. The proposed amendment, the District Attorney contends, would conform the indictment to the theory of the prosecution as reflected in the evidence before the Grand Jury. (CPL 200.70 [1], [2].)
A review of the minutes of the Grand Jury proceeding reveals that the evidence is sufficient to support a count of depraved mind murder and that the Grand Jury was in fact instructed to consider the charge of depraved mind murder. Based on the worksheet of the Grand Jury submitted by the District Attorney, it appears that the Grand Jury voted to indict defendant for depraved mind murder. Nonetheless, it is the court’s view that CPL 200.70 does not allow the requested amendment.
To begin, a court’s jurisdiction over a defendant in felony cases must be based upon the decision of a Grand Jury as expressed in an indictment. This requirement derives from the State Constitution, not from any act of the Legislature. (See, NY Const, art I, § 6; People v Boston, 75 NY2d 585 [1990]; Matter of Simonson v Cahn, 27 NY2d 1 [1970].)[1] As a result, the Legislature’s ability to enact statutes that alter or amend indictments is necessarily limited by whether such modification is in violation of the Constitution. The Constitution itself does not provide for a procedure to amend an indictment. Indeed, prior to the adoption of the Code of Criminal Procedure in 1881 by the Legislature, indictments could not be amended and were commonly dismissed on purely technical grounds. (See, People v Ercole, 308 NY 425, 430 [1955].) With *272 the adoption of the Code of Criminal Procedure in 1881, the Legislature finally decided that indictments could in fact be amended, but only in instances where there was a “variance between the allegation therein and the proof, in respect to time, or in the name or description of any place, person or thing”. (Code Crim Pro § 293.) The statute was narrowly drafted to preclude material alterations to an indictment and, ultimately, to avoid any infringement upon a defendant’s constitutional right to be brought to trial on an indictment of a Grand Jury. (See, People v Johnson, 104 NY 213, 216 [1887].)
The courts, conscious of the Legislature’s limited power to circumvent the constitutional requirement, strictly interpreted the provisions of Code of Criminal Procedure § 293. (See, People v Ercole, supra, at 430-431; People v Miles, 289 NY 360, 362 [1942].) Thus, under that statute, it was permissible to correct errors in indictments which misnamed property, owners, or victims. (See, People v Lamm, 292 NY 224 [1944]; People v Geyer, 196 NY 364 [1909].) An indictment, however, could not be amended to change the identity of the crime. (People v Geyer, supra, at 367-368.) In the words of Geyer, "it could not have been and was not the purpose of the legislature to attempt to authorize the trial court by amendment to change the substantial elements and nature of the crime charged and in effect substitute a new indictment in the place of the one found by the grand jury.” (Supra, at 367.)
The limitations of Code of Criminal Procedure § 293 were quite evident in People v Oliver (3 NY2d 684 [1958]). There, the defendant was indicted for burglary in the first degree. The factual allegations in the indictment, however, were missing an essential element of the crime of burglary in the first degree. In the absence of that element, the allegations were only sufficient to charge burglary in the second degree. The Court of Appeals held that the indictment could not be amended to add the missing element to the factual allegations to charge burglary in the first degree.[2]
*273 With the repeal of the Code of Criminal Procedure and the enactment of the Criminal Procedure Law, the applicable statute for amending indictments became CPL 200.70. Unlike Code of Criminal Procedure § 293, CPL 200.70 has two subdivisions. The first subdivision substantially restates the Code;[3] the second subdivision is new, but speaks only to when an indictment may "not” be amended and, as the second subdivision relates to the issues presented in this case, it reflects the case law developed under the Code.
The staff comment to CPL 200.70 (originally numbered CPL 100.60) explained that "[t]his proposed section — designed to avoid technical objections not affecting a substantial right of the defendant — restates in large measure the provisions of Code of Criminal Procedure § 293. Unlike the Criminal Code, the proposed section authorizes amendments to be made before trial. A rational pleading system must authorize the rectifying of mistakes when no substantial rights are infringed.” (1967 Proposed NY CPL, at 177 [emphasis in original].) Thus, neither the language of CPL 200.70, nor the legislative history, reveal an intent to change the law, as it existed under the Code, as to the kind of amendments authorized by statute. (See, People v Newell, 95 AD2d 815 [2d Dept 1983].)
Under that law, the District Attorney’s proposed amendment to the indictment is not authorized. (People v Oliver, supra.) Here, an indictment has been signed by the foreperson of the Grand Jury, and has been filed with the court. Nowhere in the instrument are the factual allegations that the defendant, acting with depraved indifference to human life, recklessly caused the death of another person. Indeed, the defendant is charged with intentional conduct, not reckless conduct. The District Attorney’s request is that the allegations of the crime charged in the second count be stricken and that the court permit the insertion of all of the essential and material elements of depraved mind murder. Plainly, the amendment, if granted, would materially alter the indictment as handed down by the Grand Jury.
*274 Furthermore, as indicated, unlike the Code provision, CPL 200.70 includes express language as to when an indictment may "not” be amended. Thus, CPL 200.70 (2) expressly states in pertinent part that
"[a]n indictment may not be amended in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it; nor may an indictment * * * be amended for the purpose of curing:
"(a) A failure thereof to charge or state an offense; or
"(b) Legal insufficiency of the factual allegations”.
The amendment contemplated by the District Attorney would in effect accomplish what is plainly forbidden by CPL 200.70 (2). Here, the indictment fails to allege the crime of depraved mind murder, and the factual allegations are plainly insufficient to put the defendant on notice that she has been indicted for depraved mind murder. (See, People v Sollars, 91 AD2d 909 [1st Dept 1983].)
Matter of Detrece H. (78 NY2d 107 [1991]) recently interpreted a similar statutory provision as applied in the Family Court Act to juvenile delinquency petitions. In Detrece, the court held that a juvenile delinquency petition, which failed to contain nonhearsay factual allegations to support each element of the crime and the respondent’s commission thereof, as required by statute, could not be amended, pursuant to Family Court Act § 311.5, to include such nonhearsay allegations. Like CPL 200.70 (2), Family Court Act § 311.5 (2) (b) precludes the amending of a petition for the purpose of curing the legal insufficiency of the factual allegations. The court found that the petition’s factual allegations were legally insufficient because they were not in the required nonhearsay form and "if section 311.5 (2) (b) is given what appears to be its intended meaning, the petition may not be amended. Any other result * * * would deprive that provision of any practical effect”. (Matter of Detrece H., supra, at 110.)[4]
Finally, People v Gray (157 AD2d 596 [1st Dept 1989]) and People v Ray (71 NY2d 849 [1988]) are not to the contrary. In Gray, the Grand Jury was asked to consider burglary in the second degree under Penal Law § 140.25 (2) which required a *275 finding that the building the defendant illegally entered was a dwelling. The indictment as filed, however, charged the defendant with burglary in the second degree under Penal Law § 140.25 (1) (b). This crime requires that the defendant knowingly and unlawfully entered a building with intent to commit a crime, and in effecting entry or while in the building or in immediate flight therefrom, the defendant caused physical injury to any person who was not a participant in the crime. (Penal Law § 140.25 [1] [b].) Following an in camera inspection of the Grand Jury minutes, the lower court granted the People’s motion to amend the indictment to reflect the charge of burglary in the second degree under Penal Law § 140.25 (2). (People v Gray, 157 AD2d, supra, at 597.) In affirming the defendant’s conviction, the First Department held that "[t]he amendment corrects a clerical error and conforms the indictment to the theory of the prosecution as reflected in the evidence before the Grand Jury.” (People v Gray, 157 AD2d, supra, at 597.) The distinguishing feature in Gray is that under Penal Law § 140.00 (3), the term "building” includes the term "dwelling.” Thus, the crime as charged included the unlawful entry into a dwelling. The amendment neither changed the identity of the crime, nor did it cure a deficiency in the factual allegations or a failure to allege a crime. The amendment simply struck out extraneous language that the defendant "caused physical injury to a person who was not a participant in the crime,” and in effect limited the term "building” to a dwelling.
In Ray (supra), the defendant was charged with criminal possession of a weapon in the second degree under Penal Law § 265.03. The indictment, however, failed to include the term "unlawfully” in charging the defendant with possession of a loaded firearm with intent to use the same "unlawfully” against another. In upholding the defendant’s conviction, the Court of Appeals held that the indictment was not jurisdictionally defective since it had "incorporated Penal Law § 265.03 and the elements of the crime of criminal possession of a weapon in the second degree by adopting the title of the statute, and dismissal of the indictment was correctly denied because it afforded defendant 'fair notice of the charges made against him’.” (People v Ray, supra, at 850.) Notably, Penal Law § 265.03 defines only one crime. In this case, murder in the second degree as defined by Penal Law § 125.25 defines. four separate crimes. (See, CPL 200.30 [2].) The naming of the crime in the indictment and the specification in the factual *276 allegations of one of those subdivisions does not constitute fair notice that defendant may stand charged with any and all of the remaining subdivisions. (See also, People v Wright, 112 AD2d 38, 39 [dissenting opn], revd on dissent 67 NY2d 749 [1986] [indictment for burglary in the third degree which specified the Penal Law section violated and omitted the term "unlawfully” was not jurisdictionally defective for the same reasons specified in People v Ray].)
Albeit the court is constrained to deny the requested amendment, the court would recommend further consideration by the Legislature with respect to when an indictment may be amended. Grand Jury practice under the CPL is different from the Code. Under the CPL, the District Attorney specifically charges the Grand Jury on the elements of the crime charged which they are to consider and the vote of the Grand Jury on that specific crime charged is recorded. Thus, where the indictment under the Code may often have been the only evidence of the Grand Jury determination, today the minutes of the Grand Jury with respect to the crime charged for their consideration and the worksheet recording the Grand Jury’s vote on that count are available to give fairly conclusive evidence of what the Grand Jury decided. Here, the Grand Jury was unquestionably charged to consider one count of intentional murder and one count of depraved mind murder, they were charged on the elements of both counts, and they voted to indict on both counts. The indictment, however, signed by the foreperson, failed for clerical reasons to properly charge the depraved mind murder. In this instance, given the request for the amendment within a reasonable time after indictment and prior to trial and the clear showing of no prejudice to the defendant, the law should permit the amendment. Since the amendment would reflect the evidence before the Grand Jury and the actual determination of the Grand Jury, there should be no constitutional impediment to a statute permitting such an amendment.

. By amendment to the State Constitution, a person held for the action of a Grand Jury may in certain instances waive indictment by a Grand Jury and consent to be prosecuted on an information filed by the District Attorney. (NY Const, art I, § 6.)

. The Oliver court permitted the indictment for burglary in the second degree to stand since the factual allegations, not the name of the crime charged, were controlling, and those allegations were sufficient to support that charge. Thus, in amending the name of the crime to conform to the factual allegations, the identity of the crime was not being changed; the factual allegations plainly informed the defendant that the Grand Jury had indicted him for burglary in the second degree. Such an amendment, rather than being one that materially altered the indictment by inserting an element in the factual allegations, related to form and was permissible. (See *273 also, People v Shannon, 127 AD2d 863 [2d Dept 1987]; People v Weeks, 126 AD2d 857 [3d Dept 1987].)

. In pertinent part, that statute provides that an indictment may be amended "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment” (CPL 200.70 [1]).

. The Detrece H. court noted that the Criminal Procedure Law provisions governing accusatory instruments in a local criminal court may have authorized such amendment, but those statutes did not exist in the Family Court Act. And, they do not exist in the Criminal Procedure Law with respect to an indictment in a superior court.