OPINION OF THE COURT
 

 Simons, J.
 

 The issue presented in each of these cases is whether the trial court exceeded its authority under CPL 200.70 when it amended a criminal indictment by adding a new count. In both instances, the People asserted that the count had been properly voted by the Grand Jury but left out of the indictment as a result of a clerical error. We conclude that the courts lacked the statutory authority to order the amendments. The convictions on the added charges must therefore be vacated and the counts dismissed.
 

 In
 
 People v Perez,
 
 a Bronx County Grand Jury filed an indictment charging defendant with attempted murder, reckless endangerment and two counts of attempted assault. Some six months later, prior to trial, the People moved to amend the indictment to include one count of criminal possession of a weapon arising from the same incident. The prosecutor asserted that the count had been dropped from the indictment through inadvertence though it had been voted upon and approved by the Grand Jury. The Judge agreed to review the Grand Jury minutes and later concluded that the indictment should be amended to reflect the additional charge of posses
 
 *273
 
 sion of a weapon. Defendant was convicted on that count and on the count of reckless endangerment. The Appellate Division affirmed, holding that the court had the power under CPL 200.70 to correct a clerical error upon adequate proof of the Grand Jury’s intent.
 

 In
 
 People v Vasquez,
 
 a Bronx County Grand Jury filed an indictment charging defendant with intentional murder and four other counts. Before trial, the People moved to amend the indictment to include a charge of felony murder based upon the same incident. As in
 
 Perez,
 
 the People blamed the absence of the charge from the face of the indictment on a clerical error and offered to produce Grand Jury records to demonstrate that the Grand Jury had voted to indict on the charge. Upon review, the trial court ordered the indictment amended. Defendant was convicted of the added felony murder charge and robbery in the first degree. The Appellate Division found no error in the court’s action amending the indictment.
 

 Section 6 of article I of the State Constitution guarantees individuals the right to indictment by a Grand Jury before being tried for an infamous crime (NY Const, art I, § 6). That requirement, rooted in the belief that the public should have a check against the potential abuse of power by those vested with the prosecutorial authority of the State
 
 (People v Iannone,
 
 45 NY2d 589, 594-595), is a matter of " 'public fundamental rights fixed by the Constitution’ ”, not one of " 'policy, expediency or convenience’ — as a district attorney or judges may see it”
 
 (see, Matter of Simonson v Cahn,
 
 27 NY2d 1, 3 [quoting
 
 People ex rel. Battista v Christian,
 
 249 NY 314, 318]). At common law, the significance of an indictment was so great that trial courts lacked the authority to amend it in any way
 
 (see, People v Ercole,
 
 308 NY 425, 430;
 
 People v Jackson,
 
 153 Misc 2d 270, 271;
 
 see also, Ex parte Bain,
 
 121 US 1, 6). Amendments had to be authorized by statute and even those the Legislature authorized had to conform to the dictates of the Constitution.
 

 The rigidity of the common-law rule resulted in the dismissal of indictments for purely technical reasons and thus, in 1881, the Legislature for the first time authorized amendments to a limited degree
 
 (see, People v Ercole, supra,
 
 at 430; Code Grim Pro § 293). The statute, section 293 of the Code of Criminal Procedure, permitted a court to vary an indictment in matters relating to times, names or descriptions, provided that the accused was not prejudiced.
 

 
 *274
 
 Cases decided under the code demonstrate how restricted the grant of power was. In
 
 People v Van Every
 
 (222 NY 74), a clerical error in an indictment set the date of the crime as October 17, 1915 — a date in the future — rather than October 17, 1914. The trial court allowed an amendment to correct the error. Our Court reversed, holding correction of the error, though apparently technical in origin, was "not one of form but of substance”. This was so, we said, because a future crime was an impossibility and thus without the correction the indictment failed to state a crime
 
 (id.,
 
 at 78;
 
 compare, People v Easton,
 
 307 NY 336, 338 [identical error in an information can be corrected]). Similarly, in
 
 People v Ercole (supra),
 
 we barred an additional allegation that the larceny had taken place by false representation, even though larceny had been charged and the alternative theory stated in the proposed amendment had been voted upon and filed by the Grand Jury
 
 (see,
 
 308 NY, at 439,
 
 supra
 
 [Desmond, J., dissenting]). In
 
 People v Miles
 
 (289 NY 360), we held that a court lacked the power to charge a new crime even with defendant’s consent.
 

 The guiding principle of these cases and of section 293 of Code of Criminal Procedure was expressed in
 
 People v Geyer
 
 (196 NY 364, 367): "[I]t could not have been and was not the purpose of the legislature to attempt to authorize the trial court by amendment to change the substantial elements and nature of the crime charged and in effect substitute a new indictment in the place of the one found by the grand jury.”
 

 The present CPL 200.70 superseded section 293 of the Code of Criminal Procedure. Though the language of the new statute differs from that of section 293, the drafters stated that no substantive change in the law was intended (1967 Proposed NY CPL, at 177). The most notable change between the form of the current law and its predecessor was the addition of subdivision (2), which explicitly lists instances where no amendment is allowed. Under the current statutory scheme, subdivision (1) is largely a restatement of the Code of Criminal Procedure’s affirmative grant of power to make certain nonsubstantive changes. That subdivision authorizes amendments pertaining to "matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury”. Subdivision (2), on the other hand, spells out changes that are prohibited. Significantly, the subdivision prohibits amendment of an in
 
 *275
 
 dictment "for the purpose of curing * * * (a) A failure thereof to charge or state an offense”.
 

 Defendants argue that this language bars an amendment that adds an offense to the indictment. In their view, the changes approved by the trial courts here were not changes in form but changes in substance and thus beyond the statute, under the reasoning of cases like
 
 People v Geyer
 
 (196 NY 364,
 
 supra)
 
 and
 
 People v Van Every
 
 (222 NY 74,
 
 supra; see also, People v Oliver,
 
 3 NY2d 684).
 

 In response, the People note first that the addition of a charge duly voted by the Grand Jury does not alter "the theory or theories of the prosecution as reflected in the evidence before the grand jury”. Thus, they see subdivision (1) of CPL 200.70 as expressly authorizing the amendment by the trial court. They point out that CPL 200.70 and its predecessor were specifically designed to avoid dismissals premised solely on technical errors and assert that to require dismissal here where the errors were patently technical — clerical mistakes— would be contrary to the intent of the statute
 
 (see, People v Gray,
 
 157 AD2d 596,
 
 lv denied
 
 75 NY2d 966).
 

 Crucial to the People’s argument is a limited reading of subdivision (2) of CPL 200.70. They assert that the relevant language — the prohibition against curing a "failure * * * to charge or state an offense” — refers narrowly to situations where the indictment alleges conduct that is either not criminal or an impossibility (e.g., a future crime). Thus, in the People’s view, the language envisions situations where the People either cannot prove the facts stated in the indictment or, even if they can and do, no crime will have been demonstrated.
 

 The People’s reading of the statute would lead to anomalous results. For instance, the prosecution would be barred from fixing a small typographical error that caused a count in the indictment to state that the crime took place in a future year
 
 (see, People v Van Every,
 
 222 NY 74,
 
 supra),
 
 but allowed to amend the indictment if no count had been stated at all. Similarly, under CPL 200.70 (2) (b), prohibiting an amendment to cure the legal insufficiency of the factual allegations, the People would be barred from adding a single fact to cure the indictment but allowed to add all the facts if, by inadvertence, the count was left out in its entirety.
 

 Conversely, the People read the grant of power contained in subdivision (1) too broadly. In effect, they contend that amend
 
 *276
 
 ment is allowed so long as it "does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury”. That, however, is only one of the tests for what constitutes a permissible amendment under the terms of the statute. The remainder of the subdivision makes clear that only certain kinds of errors — even if they effect no change in the prosecution’s theory — may be subject to amendment: those "relating to matters of form, time, place, names of persons and the like”. Whatever flexibility is built into the open-ended term "and the like”, it certainly does not extend the category so far as to allow the addition of an entirely new count. In short, the amendment in each of these cases was designed to cure a failure to charge or state an offense and is not authorized by CPL 200.70. Such an amendment is a change in substance, not in form.
 

 Thus, the People’s contentions that in these cases defendants were neither denied their right to be indicted by a Grand Jury nor prejudiced by the belated notice the Constitution requires when the new charge was subsequently added are not relevant
 
 (see,
 
 NY Const, art I, § 6;
 
 People v Iannone,
 
 45 NY2d 589, 594,
 
 supra).
 
 Because common law admitted no power to amend an indictment, the narrow question before us is whether the Legislature, through CPL 200.70, has granted trial courts the power to order the amendments sought here. In view of the statutory language, we conclude that the Legislature has not done so and the omission must be cured by superseding indictment or re-presentment. The People note the waste of prosecutorial resources that will result from requiring a superseding indictment to bring a count which the records indicate the Grand Jury clearly intended. They also point to the added inconvenience to witnesses if the Grand Jury has disbanded and re-presentment is necessary. The obvious merit to those policy considerations must be addressed by the Legislature, however, not the courts
 
 (see, People v Jackson,
 
 153 Misc 2d 270, 276,
 
 supra
 
 [Donnino, J.]).
 

 We have reviewed defendants’ other contentions and they are without merit.
 

 Accordingly, in
 
 People v Perez,
 
 the order of the Appellate Division should be modified by vacating the conviction for criminal possession of a weapon in the second degree and dismissing that count of the indictment and the case remitted to Supreme Court, Bronx County, for resentencing on the reckless endangerment count and, as so modified, affirmed. In
 
 *277
 

 People v Vasquez,
 
 the order of the Appellate Division should be modified by vacating the conviction for murder in the second degree and dismissing that count of the indictment and, as so modified, affirmed.
 
 *
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 In
 
 People v Perez:
 
 Order modified and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.
 

 In
 
 People v Vasquez:
 
 Order modified in accordance with the opinion herein and, as so modified, affirmed.
 

 *
 

 Under CPL 470.20 (3) and 470.40 (1), we choose to remit
 
 People v Vasquez
 
 to Supreme Court, Bronx County, for resentencing on the robbery count, which was unaffected by our decision. Because the Appellate Division has already ordered remittal of the case for resentencing on separate grounds, we therefore affirm so much of the order of the Appellate Division as relates to that corrective action. We note that the rationale for the Appellate Division’s remittal was not before us on this appeal from defendant, and thus that rationale remains undisturbed by our decision.