OPINION OF THE COURT
Joseph Fisch, J.
The defendant, currently under indictment for two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]) and related charges, moves to dismiss said first degree murder charges on the ground that such counts fail to conform to the requirements of CPL 200.50 (7) (a).
PROCEDURAL HISTORY AND MOTIONS
On February 17, 1999, an indictment was filed in Bronx County Supreme Court against defendant, accusing him of seven crimes. The indictment identifies the seven charges, naming, inter alla, murder in the first degree (two counts), and citing its statutory provision, Penal Law § 125.27 (1) (a) (vii). The first degree murder counts at issue read as follows:
“First Count
“The Grand Jury of the County of the Bronx by this indictment accuses the defendant Richard Rivera of the crime of Murder in the First Degree committed as follows:
“The defendant, Richard Rivera, acting in concert with another, on or about October 25, 1998, in the county of the Bronx, with the intent to cause the death of another persn [sic], caused the death of such person or a third person, namely Harry Edwards by stabbing him with a dangerous instrument and Harry Edwards was killed while the defendant was in the course of committing or attempting to commit and in the furtherance of Robbery or in the course of and furtherance of immediate flight after committing or attempting to commit Robbery and Harry Edwards was not a participant in any such crimes. The defendant was more than eighteen years old at the time of the commission of the crime.
“Second Count
“The Grand Jury of the county of the Bronx by this indictment, accuses the defendant Richard Rivera of the crime of Murder in the First Degree committed as follows:
“The defendant, Richard Rivera, acting in concert with another, on or about October 25, 1998, in the county of the Bronx, with the intent to cause the death of another persn [sic], caused *237 the death of such person or a third person, namely Harry Edwards by stabbing him with a dangerous instrument and Harry Edwards was killed while the defendant was in the course of committing or attempting to commit and in the furtherance of Burglary in the First Degree or in the course of and furtherance of immediate flight after committing or attempting to commit Burglary in the First Degree and Harry Edwards was not a participant in any such crimes. The defendant was more than eighteen years old at the time of the commission of the crime.”
On April 15, 1999, defendant filed an omnibus motion and served a request for a bill of particulars on the People. In that motion, defendant claimed, inter alla, that all seven charges in the indictment were legally insufficient and should be dismissed. In defendant’s request for a bill of particulars, defendant specifically asked that the People, with respect to each count of the indictment, “state whether the defendant is alleged to have acted as a principal or as an accessory.”
This court, in its decision filed May 4, 1999, inter alla, denied defendant’s motion to dismiss all counts of the indictment as legally insufficient.
Thereafter, the defendant, by letter dated May 10, 1999, contended that the first degree murder charges were insufficient because they failed to allege that the defendant commanded another to do the killing, and thus, failed to comply with the requirements of CPL 200.50 (7) (a). The defendant had conceded in his omnibus motion papers that the language of said counts “covers the element(s) set forth in P.L.§ 125.27 (1),” to wit, with the intent to cause the death of another person, he causes the death of such person or of a third person. However, it was defendant’s position that the count “does not address the additional element contained in subparagraph (a) (vii) which provides ‘unless the defendant’s criminal liability under this subparagraph is based upon the defendant having commanded another person to cause the death of the victim * * * pursuant to section 20.00 of this chapter, this subpara-graph shall not apply where the defendant’s criminal liability is based upon the conduct of another pursuant to section 20.00 of this chapter.’ ”
On June 15, 1999, the People, in response to defendant’s attack upon the language of said counts of the indictment, moved to amend the indictment by deleting the words “acting in concert” from the first degree murder charges, pursuant to CPL 200.70 (1). The People argued that such deletion would *238 correct an error in the indictment as to form which was at variance with both the evidence and law as presented and charged to the Grand Jury.
On July 20, 1999, the People responded to defendant’s request for a bill of particulars, answering, in relevant part, that the People allege that defendant acted as the principal.
On July 20, 1999, pursuant to this court’s offer to be heard on the People’s motion to amend the first degree murder counts of the indictment to delete the words “acting in concert,” defendant filed a memorandum of law, opposing the People’s application to amend said counts, asserting that each count fails to state an offense and is legally insufficient, pursuant to CPL 200.70 (2).
On August 2, 1999, the People filed an affirmation and memorandum of law in support of their application to amend the indictment, claiming the inclusion of the words “acting in concert with another”[1] in the first degree murder counts was a clerical error and their deletion would not prejudice the defendant.
On August 4, 1999, the court heard oral argument and invited the submission of supplemental memoranda of law, subsequently filed by the defendant on August 23, 1999. During oral argument, the People relied upon CPL 200.70 (1) permitting the amendment, claiming that amending the clerical error does not change the theory of the prosecution nor prejudice the defendant, and even without such amendment, said counts are facially sufficient. The defendant relied upon CPL 200.70 (2) prohibiting the amendment, claiming, inter alla, that said counts are facially insufficient and do not actually reflect the Grand Jury vote.[2]
The court notes that, while examining the Grand Jury minutes in camera to decide defendant’s motion to inspect the Grand Jury minutes and dismiss said indictment, the evidence presented to the Grand Jury reflects that the defendant stabbed Harry Edwards to death during the course of a burglary and robbery. Moreover, the People’s legal instructions did not include an accomplice liability charge with respect to the first degree murder charges.
*239 DISCUSSION
It is well established that a primary purpose of the indictment is to provide the accused with fair notice of the nature of the charges, and of the manner, time, and place of the conduct underlying the accusations, so as to enable the defendant to prepare or conduct an adequate defense. (See, People v Keindl, 68 NY2d 410, 416 [1986]; People v Morris, 61 NY2d 290, 293 [1984]; People v Iannone, 45 NY2d 589, 594 [1978].)
An equally important function of the indictment is to identify the alleged crimes with sufficient specificity so as to enable a convicted defendant to raise the constitutional prohibition of double jeopardy against subsequent prosecutions for the same offenses. (See, People v Keindl, supra, at 416; People v Morris, supra, at 293; People v Iannone, supra, at 595.)
With respect to the form and content of an indictment, the statutory law specifies, among other things, that an indictment must contain a plain and concise factual statement in each count which asserts facts supporting every element of the offense charged and defendant’s commission thereof with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the accusation. (CPL 200.50 [7] [a].)
Although failure to meet CPL 200.50 requirements for an indictment may result in dismissal, not all defects will require dismissal where the defect may be cured by providing the missing information in a bill of particulars. (See, People v Morris, 61 NY2d 290, 293-294 [1984], supra; People v Iannone, 45 NY2d 589, 597, 598 [1978], supra; People v Fitzgerald, 45 NY2d 574, 579-580 [1978]; People v Bogdanoff, 254 NY 16, 24 [1930] [where an indictment charging defendants with murder in the first degree supplemented by a bill of particulars was held not so defective as to require reversal].) Thus, the People may provide a bill of particulars, pursuant to CPL 200.95, to cure a deficiency in the factual allegations of a count. The courts have held that the objectives of an indictment to provide fair notice of the nature of the charges as well as the manner, time and place of the conduct underlying the charges to the accused may be equally well served by a bill of particulars that supplements the indictment and supplies any missing information necessary to provide the requisite certainty as to manner, time and place. (People v Iannone, 45 NY2d 589, 597, 598 [1978]; People v Morris, 61 NY2d 290, 293-294 [1984]; People v Fitzgerald, 45 NY2d 574, 579-580 [1978]; People v Nichols, 193 AD2d 764 [2d Dept 1993], lv denied 82 NY2d 723 [1993].)
Referring to CPL 200.50 (7), “[d]espite the clear language of the statute, requiring factual explication with precision, or *240 what is known as a long form’ indictment, in practice and by case law this provision is honored in the breach.” (Yates, Grand Jury and Indictment, Marks on New York Pretrial Criminal Procedure § 5.12, at 261, n 323 [West 1996].) Because a defendant has the right to a bill of particulars, an indictment or particular counts therein are not subject to dismissal on the ground that the defendant has not been adequately advised of the nature of the charge and the conduct which is the basis of the accusation. (People v Fitzgerald, supra [where an indictment charging a defendant with criminally negligent homicide, without factual recitation of the conduct constituting the criminal negligence, was held to have contained sufficient factual allegations to satisfy the requirements of CPL 200.50 (7)].)
Thus, the court finds that the first degree murder counts read in conjunction with the People’s bill of particulars, specifying that the defendant is charged as the principal, satisfy the requirements under CPL 200.50 (7) (a).
With respect to the People’s motion to amend the first degree murder counts by deleting the words “acting in concert with another” therefrom, the court is statutorily authorized to permit the amendment of an indictment, at any time before or during trial, with respect to defects, errors, or variances from the proof relating to matters of form, time, place, names of persons and the like, provided that the proposed amendment does not change the theory of the prosecution as reflected in the evidence before the Grand Jury which filed such indictment, or otherwise serves to prejudice the defendant on the merits. (CPL 200:70 [1]; see, e.g., People v Spann, 56 NY2d 469 [1982]; People v Del Pilar, 177 AD2d 642, 643 [2d Dept 1991]; People v Johnson, 163 AD2d 613 [2d Dept 1990]; People v Casdia, 163 AD2d 604 [2d Dept 1990], affd 78 NY2d 1024 [1991]; People v Goodman, 156 AD2d 713 [2d Dept 1989]; People v Nichols, 193 AD2d 764 [2d Dept 1993], lv denied 82 NY2d 723 [1993], supra.)
It is this provision (CPL 200.70 [1]) which the People rely upon in support of their motion to amend.
However, CPL 200.70 (2), which prohibits certain amendments, states, in relevant part:
“An indictment may not be amended in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it; nor may an indictment * * * be amended for the purpose of curing:
“(a) A failure thereof to charge or state an offense; or
*241 “(b) Legal insufficiency of the factual allegations.”
The defense argues that it is this subdivision, i.e., CPL 200.70 (2), not CPL 200.70 (1), which applies.
Citing CPL 200.70 (2) (a), the defendant claims that the amendment cannot be made because the indictment fails to state the offense of first degree murder. For this claim, defendant erroneously relies on People v Jackson (153 Misc 2d 270 [Sup Ct, Bronx County 1991]) and People v Perez and People v Vasquez (83 NY2d 269 [1994]). In Jackson, the People sought and were denied an application to amend the indictment by changing one of the two counts of intentional murder to depraved indifference murder. There, the depraved indifference murder was not charged in the indictment, the factual allegations for the intentional murder did not sufficiently put the defendant on notice for the depraved indifference murder, and thus, defendant had no knowledge that the People intended to so charge her. (People v Jackson, supra.) In Perez and Vasquez, the Court of Appeals held that, in two separate prosecutions, a trial court had exceeded its authority under CPL 200.70, by adding a new count that had been properly voted by the Grand Jury but left out of the indictment as a result of a clerical error, thereby improperly curing a failure to charge or state an offense. (People v Perez, supra; People v Vasquez, supra.) In contrast here, first degree murder charges pursuant to Penal Law § 125.27 (1) (a) (vii) were originally charged and correctly cited in the indictment, and thus, the proposed amendment seeking to eliminate the extraneous words would not add a charge nor change the named and cited statute.
Next, defendant claims that the amendment is prohibited because said counts are legally insufficient pursuant to CPL 200.70 (2) (b), and therefore, this court lacks jurisdiction.
“[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime.” (People v Iannone, 45 NY2d 589, 600 [1978], supra; People v Motley, 69 NY2d 870, 872 [1987].) Insufficiency in the factual allegations of an indictment is not a jurisdictional defect. (People v Iannone, supra; People v Cohen, 52 NY2d 584, 586 [1981].) While no particular form is constitutionally mandated, an indictment must afford a defendant “fair notice of the charges made against him, so that he can prepare a defense and in order to avoid subsequent attempts to retry him for the same crime or crimes.” (People v Wright, 112 AD2d 38, 39 [4th Dept 1985] [dissenting opn of Callahan, J.], revd on dissenting opn below 67 NY2d 749 [1986].) “The incorporation *242 by specific reference to the statute operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon, if any, for conviction under that statute.” (People v Cohen, 52 NY2d, at 586 [emphasis added]; see also, People v Wright, supra; People v Motley, 69 NY2d 870 [1987]; People v Ray, 71 NY2d 849 [1988]; People v Diaz, 233 AD2d 777, 778 [3d Dept 1996]; People v Chappelle, 250 AD2d 878, 879 [3d Dept 1998], lv denied 92 NY2d 894 [1998]; People v Botshon, 135 AD2d 1107 [4th Dept 1987], affd 73 NY2d 732; People v Craft, 87 AD2d 662 [3d Dept 1982].)
In Ray (supra), the defendant was charged with criminal possession of a weapon in the second degree under Penal Law § 265.03. The indictment, however, failed to include the term “unlawfully”, in charging the defendant with possession of a loaded firearm with intent to use the same “unlawfully” against another. The Court of Appeals, in upholding the defendant’s conviction, held that the indictment was not jurisdictionally defective since it had “incorporated” Penal Law § 265.03 and the elements of the crime of criminal possession of a weapon in the second degree by adopting the title of the statute, and that dismissal of the indictment was correctly denied because it afforded defendant “ ‘fair notice of the charges made against him’.” (People v Ray, 71 NY2d, at 850.) Similarly, here, the indictment charges two counts of murder in the first degree and cites Penal Law § 125.27 (1) (a) (vii), thereby incorporating by reference all the necessary elements. Therefore, the instant counts are legally sufficient, providing fair notice of the charges, and, contrary to defendant’s claim, the indictment is not jurisdictionally defective.
If subdivision (2) of CPL 200.70 does not prohibit an amendment, an amendment to correct a clerical error in an indictment is permissible, where the correction “conforms the indictment to the theory of the prosecution as reflected in the evidence before the Grand Jury.” (People v Gray, 157 AD2d 596 [1st Dept 1990], lv denied 75 NY2d 966 [1990].) Additionally, such amendment must not surprise or prejudice the defendant, who must be on notice of the correction. (People v Gray, supra; People v Teribury, 229 AD2d 829 [3d Dept 1996]; People v DeSanto, 217 AD2d 636, 637 [2d Dept 1995], lv denied 87 NY2d 972 [1996]; People v Acevedo, 215 AD2d 115, 116 [1st Dept 1995], lv denied 85 NY2d 969 [1995]; People v Shannon, 127 AD2d 863 [2d Dept 1987], lv denied 69 NY2d 1009 [1987]; People v Murray, 92 AD2d 617 [2d Dept 1983].)
*243 With respect specifically to accomplice liability language, the court may permit amendments to indictments adding or deleting accomplice liability language so long as such amendment is consistent with the theory of the prosecution as reflected in the evidence before the Grand Jury and defendant suffers no prejudice. (People v Cepedes, 130 AD2d 676, 677 [2d Dept 1987]; People v Reddy, 73 AD2d 977 [2d Dept 1980]; People v Feliz, 136 Misc 2d 701, 702 [Sup Ct, Queens County 1987]; cf., People v Hill, 102 Misc 2d 814, 815-816 [Sup Ct, Bronx County 1980].)
In the instant case, as noted herein, the two counts at issue state first degree murder charges, which are legally sufficient. The amendment sought here would not in any respect change the theory of the prosecution as reflected in the evidence before the Grand Jury nor prejudice the defendant. In fact, the amendment would correct the clerical error, which is at variance with both the evidence and law as presented and charged to the Grand Jury, and would conform the first degree murder counts thereto. Furthermore, it is undisputed that the bill of particulars gave the defendant notice that the People charge the defendant as the principal, the killer. Moreover, the literal reading of the counts, considering the placement of commas and the phrase “acting in concert with another,” demonstrates that “caused the death of such person * * * by stabbing him with a dangerous instrument” refers to conduct by “[t]he defendant, Richard Rivera.”
Accordingly, the defendant’s motion to dismiss the two counts of murder in the first degree is denied, and the People’s motion to amend said counts to delete the words “acting in concert with another” is granted.

. The first motion by the People to amend the indictment sought to merely strike the words “acting in concert,” and it was only upon their second such application that they moved to strike “with another” as well.

. The defense also argued that a defendant charged with first degree murder has the right to expect of the prosecution a nonflawed indictment.