[730 NYS2d 301]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT PARRILLA, Appellant.

First Department, September 13, 2001

APPEARANCES OF COUNSEL

*David S. Weisel* of counsel (*Elizabeth F. Bernhardt* on the brief; *Robert T. Johnson, District Attorney* of Bronx County, attorney), for respondent.

*Eric E. Rothstein* for appellant.

## OPINION OF THE COURT

Tom, J.

The issue presented for review is whether an indictment which contains the correct time periods in which the crimes were committed but also includes time periods postdating the filing of the indictment, during which commission of the offenses would have been impossible, is jurisdictionally defective *ab initio* and not amendable. We find that the defect was not jurisdictional and, therefore, that the amendment to correct the form of the indictment was valid.

Defendant was indicted for three counts of rape in the first degree, attempted murder in the second degree, two counts of assault in the second degree and intimidating a victim or witness in the third degree. Defendant was arrested on September 24, 1993. The indictment was filed on October 18, 1993. However, the indictment alleged as to each count that the crimes were committed "on or about and between September 10, 1993 and November 30, 1993," straddling the date of filing. Defendant, after consultation with counsel, subsequently entered a plea of guilty to the charge of attempted murder in the second degree in exchange for a promised sentence of 7½ to 15 years. During the factual allocution, in response to the court's inquiry whether defendant had stabbed the victim "on or about and between September 10, 1993 and November 30, 1993," defendant asked why these dates were employed when other court papers referred to September 10, 1993 to September 11, 1993 as the dates of the crimes. The court responded that defendant was only pleading to one count, whereas the indictment referred to other "situations." Defendant responded "okay," then, when asked if he understood, answered affirmatively. At sentencing, the prosecutor stated that when the plea was entered, the original indictment had indicated the dates noted above, but that the indictment had been amended in March 1994, pursuant to court order, to allege that the offense to which defendant pleaded guilty had been committed "on or about and between September 10, 1993 and September 11, 1993." No objection was made and the defendant was then sentenced as promised.

The original indictment was obviously mistaken in charging crimes putatively occurring after the date the indictment was filed. By motion dated March 8, 1994, the People sought to amend counts 1 through 8 to allege commission of the crimes between September 10 and September 11, 1993, and count 9 to allege commission of that crime between September 25 and September 26, 1993. The motion was unopposed and was granted by Justice Covington on March 21, 1994. The amendment eliminated the obvious error and more precisely targeted the date upon which the crime to which defendant pleaded occurred. Notably, these dates were already included within the broader time period of the original indictment. By *pro se* motion dated June 7, 1996, defendant for the first time challenged the amendment. He now contends it involved a substantive rather than a mere technical change, in that the amendment eliminated an error effectively charging him with the commission of future crimes, i.e., those occurring after the date the indictment was filed.

The issue of preservation and the substantive analysis are intertwined in this case. If the matter is not jurisdictional, then we may apply preservation rules and decline to review the claim (*People v Iannone*, 45 NY2d 589, 600). An indictment "is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (*Iannone, supra*, at 600). To the contrary, if the indictment was jurisdictionally defective by virtue of failing to charge an offense, then the matter is preserved for review (*id.*). The argument here is that an indictment, by putatively charging the defendant with the commission of an offense during a time period that had not yet transpired, was charging him with a future offense, an impossibility under norms of law. In this regard, defendant relies on vintage New York law, *People v Van Every* (222 NY 74), decided under the Code of Criminal Procedure extant at that time, which, defendant argues, has recently been resurrected by the Court of Appeals in *People v Perez* (83 NY2d 269). However, neither those indictments nor the chronology of those cases bears on the present one, so that neither ruling constrains our analysis.

As was observed by Judge Gabrielli in *People v Iannone* (*supra*), a Grand Jury indictment, responsive to State rather than Federal constitutional precepts, serves various functions. Although originating with a common-law dread of oppressive governmental abuses, countered by the requirement of public accusation and defense before one's peers, the form of the

common-law indictment over time became characterized by rigid formality that often elevated form over substance. In New York, by contrast, the historical development of the form of the indictment "exemplifies a continuing attempt to eschew formalism and ritual in favor of a more realistic approach to the basic requirements of a valid indictment" (*Iannone, supra,* at 595). These requirements, in the main, are directed toward: providing a defendant with fair notice of the accusations made against him, so that he will be able to prepare a defense, a precept derived from article I, § 6 of the New York Constitution; providing a means of ensuring that the crime with which the defendant is tried is in fact the one for which he was indicted by the Grand Jury rather than a new offense added on the basis of new evidence by the prosecution after commencement of proceedings; and, specifying the crime for which the defendant is tried in order to preclude subsequent prosecution for the same offense (*Iannone, supra,* at 594-595). The present circumstances invoke none of those concerns. Although responsive to these constitutional safeguards, the form of the indictment is actually a creature of statute, and in large measure turns on an understanding of the legislative goals underlying the statutory phrasing.

An indictment, to be valid, must state that the offense or offenses occurred "on, or on or about, a designated date, or during a designated period of time" (CPL 200.50 [6]). Criminal Procedure Law § 200.70 (1) provides that "[a]t any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits." The effect of the amendment in the present case was not to charge defendant with new offenses committed prior to the date of its filing; those time periods were already included in the original indictment. Nor did it alter the People's theory of the case. As such, the amendment was valid. Nor did it improperly try to cure a defect of jurisdictional consequence in the original indictment. Even if the original indictment, in a functional sense, could not charge crimes for the time periods postdating the indictment's filing, it clearly charged crimes occurring prior to the indictment's filing and to

that extent was valid. The amendment, far from expanding or obfuscating the theory of the prosecution, merely defined it more precisely. In any event, the court, on notice to defendant, properly allowed the indictment to be amended in form as to time in a manner that was not at variance with the evidence before the Grand Jury. As such, the original indictment as well as the amendment performed "the basic essential function of an indictment *qua* document * * * simply to notify the defendant of the crime of which he stands indicted" (*Iannone, supra*, at 598 [emphasis added]). Since the indictment is not jurisdictionally defective, and no timely challenge was made to its contents or the amendment, the present claim is unpreserved and is, in any event, meritless.

As noted, neither *Van Every* nor *Perez* requires a different result. In *Van Every*, the Grand Jury indictment alleged the defendant's commission of a misdemeanor that putatively occurred eight months after the indictment was filed. No allegations referenced a crime occurring at any particular time period prior to the Grand Jury action. Obviously, the indictment failed to allege commission of an actual crime, and was therefore dismissed. Although the trial court had allowed amendment to allege commission on the specified date in 1914 instead of 1915, the original indictment lacked any jurisdictional force and, as such, the amendment could not cure an instrument that was already fatally defective. That does not describe the present circumstances. As noted, in this case, the relevant time periods of the offenses were included in the original indictment. In *Perez* and its companion case, *People v Vasquez* (83 NY2d 269), proof apparently submitted to the Grand Jury in support of particular offenses was not reflected by particular counts in the indictment, possibly omitted through clerical error. In view of the indictment's purpose of putting the defendant on notice of the charges lodged against him, then, regardless of whether the Grand Jury had considered and even voted on the omitted offenses, the indictment failed to charge them. The amendments of the respective indictments in those cases, therefore, would have effectively added new charges, substantively changing the theory of the prosecution. The *Perez* ruling, which discussed the history of accusatory amendments, noted that common law permitted no amendments to indictments, so that any modern flexibility in that regard is governed entirely by statute, and CPL 200.70 did not specifically authorize the type of amendments sought in those cases. The People's recourse there was to file a super-

seding indictment or to re-present, taking into account the new charges.

Again, the differences with the present case, in which the same conduct, the same persons, the same charges, and, as refined, the same time period, are manifested in the original indictment. Nothing was added to this indictment; dates were only pared off in a manner that did not change the theory of the prosecution. Here, defendant received fair notice in the indictment of the charges against him.

The remaining considerations raised by the defendant are without merit.

Accordingly, the judgment of the Supreme Court, Bronx County (George Covington, J.), rendered June 24, 1996, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and sentencing him as a second felony offender to a term of 7½ to 15 years, and order, same court (John Byrne, J.), entered on or about May 27, 1998, which summarily denied defendant's CPL 440.10 motion to vacate the judgment of conviction, should be affirmed.

NARDELLI, J. P., ELLERIN, BUCKLEY and MARLOW, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered June 24, 1996, and order, same court, entered on or about May 27, 1998, affirmed.