(October 9, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILLIAMS, Appellant. [994 NYS2d 103]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 2, 2012, as amended July 18, 2012, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of six years, unanimously reversed, on the law, the conviction vacated and the indictment dismissed.

There is an indictment in the record, dated September 30, 2010 accusing defendant of second degree assault in violation of Penal Law § 120.05 (1). In addition, the minutes of proceedings conducted on September 30, 2010, indicate that an indictment was served and filed with the court. However, Penal Law § 120.05 (1) requires proof that the complainant suffered a serious injury, and the parties do not dispute that the facts of this case do not support the elements of that crime.

The minutes of defendant's first trial indicate that another indictment, charging defendant with second degree assault under Penal Law § 120.05 (2) was in the court's file, and was given to defense counsel. However, this indictment is no longer in the record and it is unclear when it was filed with the court. Penal Law § 120.05 (2) criminalizes assault with a dangerous instrument, and the defendant was convicted of this crime. The origin of the Penal Law § 120.05 (2) indictment would be within the unique knowledge of the People, and on the limited record before us, the People have not refuted defendant's contention that defendant was convicted under an indictment that was not properly considered and voted by a grand jury (*see People v Perez*, 83 NY2d 269 [1994]). Accordingly, we are constrained to reverse defendant's conviction, and dismiss the indictment, without prejudice to re-presentation to a new grand jury. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.