People v Pointer (2024 NY Slip Op 06430)

People v Pointer

2024 NY Slip Op 06430

Decided on December 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2024

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Ind No. 1367/16 Appeal No. 3289 Case No. 2023-06247 

[*1]The People of the State of New York, Respondent,
v
Trenton Pointer, Defendant-Appellant.

B. Alan Seidler, New York, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.

Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered December 10, 2018, as amended December 11, 2018, convicting defendant, after a jury trial, of criminal sale of a firearm in the second degree, criminal sale of a firearm in the third degree (eight counts), and conspiracy in the fourth degree, and sentencing him to an aggregate prison term of 13 years, unanimously affirmed.
The verdict was based on legally sufficient evidence, which established the geographic jurisdiction of New York State over each offense based on defendant's acts and the acts of his accomplices (see Penal Law § 20.00), notwithstanding that defendant was physically located in Virginia (see CPL 20.20[1][a]; [2][d]; People v Kassebaum, 95 NY2d 611, 620 [2001], cert denied 532 US 1069 [2001]). As we determined on codefendant's appeal, the testimony, documentary evidence, and intercepted communications showed that defendant and several accomplices engaged in a firearms trafficking operation, in which one participant arranged to purchase and pick up firearms in several southern states and transported them to New York for resale. Recorded conversations between defendant and the accomplice, as well as the testimony of a "straw purchaser" who purchased guns for defendant in her name, supported reasonable inferences that defendant knowingly supplied the accomplice with eight firearms, and that defendant was aware that the accomplice subsequently sold them in New York (see People v Jenkins, 214 AD3d 517 [1st Dept 2023], lv denied 40 NY3d 929 [2023]; People v Alvarez, 158 AD3d 587 [1st Dept 2018], lv denied 31 NY3d 1114 [2018]).
Defendant has not preserved his claim that the evidence was legally insufficient to prove his guilt of second-degree criminal sale of a firearm, and we decline to review his claim in the interest of justice. As an alternative holding, contrary to defendant's contention, the statutory provision in effect at the time expressly authorized the aggregation of firearms sold in different transactions to meet the statutory threshold, as it criminalized the sale of "a total of five or more firearms in a period of not more than a year" (Penal Law § 265.12[2]).
Defendant also has not preserved his claim that the court improperly constructively amended that count (see People v Whitecloud, 110 AD3d 626 [1st Dept 2013], lv denied 22 NY3d 1142 [2014]), and in fact affirmatively waived his claim (see People v Muhammad, 34 NY3d 1152, 1153-1154 [2020]). We decline to review that claim in the interest of justice. As an alternative holding, we find no basis for reversal. The limited difference between the language of the indictment and the court's charge, which tracked the statutory language, did not violate defendant's rights or prejudice him. At most, the court's charge was a permissible constructive amendment of that count as to the time and date of the crime, and did not change the theory of the case (see CPL 200.70[1]; People v Straniero, 17 AD3d 161 [1st Dept [*2]2005], lv denied 5 NY3d 795 [2005]; People v Parrilla, 285 AD2d 157 [1st Dept 2001], lv denied 97 NY2d 657 [2001], cert denied 535 US 1020 [2002]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not fully explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Although defendant made a CPL 440.10 motion on one of the grounds he now raises, he did not appeal from the court's denial of his motion; thus, that claim is not properly before the court. In the alternative, to the extent that the existing record permits review, we find that defendant received effective assistance under state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). 
We decline to consider defendant's Molineux claim, raised for the first time in his reply brief. As an alternative holding, we reject it as unpreserved and unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2024