■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK L. TERIBURY, Appellant. [646 NYS2d 724] —Peters, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered October 13, 1995, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree.

In December 1994, a confidential informant and an undercover Deputy Sheriff met with defendant who was under investigation for suspected criminal activity. During their meeting, the informant expressed interest in purchasing a handgun from defendant. He ultimately sold the informant a semiautomatic pistol with the serial numbers visibly defaced.

Defendant was later indicted for the crimes of criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree. The indictment, however, contained two errors. The first was the use of the word "eligible" instead of the word "illegible" when charging defendant with possession of a defaced firearm (*see*, Penal Law § 265.02 [3]). The second was an erroneous statement which indicated the charge of "criminal possession of a weapon" rather than "criminal sale of a firearm", although the indictment correctly referred to a violation of Penal Law § 265.11 (1). A motion was thus successfully made to County Court, at defendant's arraignment, to correct these errors.

After trial, defendant was convicted on both counts and sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years for the crime of criminal possession of a weapon in the third degree and a concurrent term of 1 1/2 to 3 years for the crime of criminal sale of a firearm in the third degree. He now appeals.

Addressing first defendant's contention that it was error for County Court to allow the amendment of the indictment, we disagree. The record here fully supports County Court's conclusion that the errors were of transcription only and that the corrections were consistent with the evidence presented to the Grand Jury. With the motion to correct being promptly made and with no evidence indicating that defendant has suffered prejudice as a result thereof, the amendment was proper (*see*,

CPL 200.70; *People v Nardo*, 153 AD2d 972; *People v Clapper*, 123 AD2d 484, *lv denied* 69 NY2d 825).

Similarly unavailing are defendant's contentions that there was a lack of legally sufficient evidence and that the verdict was against the weight of the evidence. Viewing the evidence in a light most favorable to the prosecution, we must conclude that any rational trier of fact could have found the guilt of defendant beyond a reasonable doubt on both counts (*see, People v Contes*, 60 NY2d 620; *People v Nunez*, 186 AD2d 317, *lv denied* 81 NY2d 765). Further, we conclude that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490; *People v Carthrens*, 171 AD2d 387).

As to defendant's remaining contentions, we find them either unpreserved for review or lacking in merit.

White, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.