■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINNTEZ J. HALL, Appellant. [856 NYS2d 360]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and one count each of criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [4]). We agree with defendant that County Court committed reversible error in denying his timely and unequivocal request to proceed pro se without making the inquiry required by *People v McIntyre* (36 NY2d 10, 17 [1974]). It is well established that a defendant in a criminal case may invoke the right to proceed pro se provided that "(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*id.*). Here, the record establishes that there was a single interruption of the court by defendant at a pretrial court appearance and that the court admonished defendant that he would be removed from the courtroom if he "disrupt[ed the court] one more time." We cannot conclude that defendant's single interruption warranted the court's denial of defendant's request to proceed pro se, i.e., it did not constitute conduct that was " 'calculated to undermine, upset or unreasonably delay the progress of the trial' " (*People v Schoolfield*, 196 AD2d 111, 117 [1994], *lv dismissed* 83 NY2d 858 [1994], *lv denied* 83 NY2d 915 [1994]), nor may the court "validate an erroneous denial of a *pro se* motion on the basis of a postruling outburst" (*McIntyre*, 36 NY2d at 18).

In any event, it appears on the record before us that the court's sole rationale for denying the request was in fact defendant's ignorance of legal terminology, but that is not an appropriate basis for denial of the request. "[M]ere ignorance of the law cannot vitiate an effective waiver of counsel as long as the defendant was cognizant of the dangers of waiving counsel at the time it was made" (*id.* at 17-18; *see Schoolfield*, 196 AD2d at 115), and here the court did not conduct an inquiry to determine whether defendant's waiver of the right to counsel was effective. A court may not properly deny a defendant's request based on the court's perception that the defendant's "legal skills [are] wanting" (*People v Ryan*, 82 NY2d 497, 507 [1993]). Indeed, "[t]o accept a defendant's lack of knowledge of legal principles and rules of law or his unfamiliarity with courtroom procedures as the ground for concluding that he is

not qualified to represent himself would in effect be to eviscerate the constitutional right of self-representation; such limitations could confidently be said to exist in nearly every criminal case in which the defendant had not received legal training" (*People v Davis*, 49 NY2d 114, 120 [1979]). We therefore reverse the judgment and grant a new trial (*see McIntyre*, 36 NY2d at 19). In light of our determination, we do not address defendant's remaining contentions. Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.