THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LERIO GUERRERO, Appellant. [3 NYS3d 600]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 23, 2012, convicting defendant, upon his plea of guilty, of rape in the first degree, sodomy in the first degree (two counts), burglary in the first degree, robbery in the first degree (two counts) and attempted robbery in the first degree, and sentencing him to an aggregate term concurrent terms of 15 years, unanimously affirmed.

After considering the factors set forth in *People v Taranovich* (37 NY2d 442 [1975]), we conclude that defendant was not deprived of his constitutional right to a speedy trial (*see People v Bradberry*, 68 AD3d 1688, 1690 [2009], *lv denied* 14 NY3d 838 [2010]). Although the 13-year delay was significant, it was explained by the People's practical inability to prosecute defendant until they obtained his DNA sample from another ar-

rest. The charges were very serious, and defendant has not established prejudice, particularly since, had he proceeded to trial, his guilt would have been established by DNA evidence.

Each of defendant's remaining claims is forfeited by his guilty plea (*see People v Konieczny*, 2 NY3d 569, 575 [2004]; *People v Hansen*, 95 NY2d 227, 230-231 [2000]), as well as being foreclosed by his valid waiver of the right to appeal. As an alternative holding, we reject defendant's claims on the merits. The DNA indictment and its amendment to add the name of defendant once he was identified as the source of the DNA was proper (*see People v Martinez*, 52 AD3d 68 [1st Dept 2008], *lv denied* 11 NY3d 791 [2008]; *see also People v Ogunmekan*, 95 AD3d 701 [1st Dept 2012], *lv denied* 19 NY3d 999 [2012]), and defendant's statute of limitations argument is unavailing (*see* CPL 30.10 [4] [a] [ii]). Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.