Matter of State of New York v Anthony B. (2020 NY Slip Op 00867)





Matter of State of New York v Anthony B.


2020 NY Slip Op 00867


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-04960
 (Index No. 16153/13)

[*1]In the Matter of State of New York, respondent,
v
Anthony B. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel; Danielle Reinbachs on the brief), for appellant.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and David S. Frankel of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Anthony B., a sex offender allegedly requiring civil management, Anthony B. appeals from an order of the Supreme Court, Queens County (John B. Latella, J.), dated March 1, 2016. The order, upon a finding, made after a nonjury trial, that Anthony B. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement. By decision and order on motion dated March 30, 2018, this Court remitted the matter to the Supreme Court, Queens County, for the purpose of conducting a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to resolve the question of whether the diagnosis of "other specified paraphilic disorder (nonconsent)" has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court, and held the appeal in abeyance in the interim (see Matter of State of New York v Anthony B., 2018 NY Slip Op 68466[U] [2d Dept 2018]). The Supreme Court, Queens County, has now filed its report.
ORDERED that the order is affirmed, without costs or disbursements.
In July 2013, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant. Prior to trial, two psychologists evaluated the appellant at the State's request and issued reports, in which they diagnosed the appellant as suffering from, among other things, "other specified paraphilic disorder (nonconsent)" (hereinafter OSPD [nonconsent]). The appellant moved, inter alia, for a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to determine whether the diagnosis of OSPD (nonconsent) had achieved general acceptance in the psychiatric and psychological communities. The Supreme Court denied that branch of the appellant's motion which was for a Frye hearing.
After a nonjury trial, the appellant was found to suffer from a "mental abnormality" as that phrase is defined in Mental Hygiene Law § 10.03(i). At the conclusion of a dispositional hearing, the Supreme Court determined that the appellant is currently a dangerous sex offender [*2]requiring civil confinement. In the order appealed from, the court, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
By decision and order on motion dated March 30, 2018, this Court remitted the matter to the Supreme Court, Queens County, for the purpose of conducting a Frye hearing to resolve the question of whether the diagnosis of OSPD (nonconsent) has achieved general acceptance in the psychiatric and psychological communities, and thereafter to report to this Court, and held the appeal in abeyance in the interim (see Matter of State of New York v Anthony B., 2018 NY Slip Op 68466[U] [2d Dept 2018]). The Supreme Court has now filed its report, in which it found that the State failed to establish that the diagnosis of OSPD (nonconsent) is generally accepted in the psychiatric and psychological communities. The parties submitted supplemental briefing to this Court regarding, inter alia, the correctness of the Supreme Court's Frye determination.
New York courts permit expert testimony based on scientific principles or procedures only after the principle, procedure, or theory has gained general acceptance in the relevant scientific field (see People v Wesley, 83 NY2d 417, 422; Frye v United States, 293 F 1013). Under the Frye standard, the burden of proving general acceptance rests upon the party offering the disputed expert testimony (see Matter of State of New York v Richard S., 158 AD3d 710, 712; Matter of State of New York v Hilton C., 158 AD3d 707, 709). The test of reliability is "not whether a particular procedure is unanimously indorsed by the scientific community, but whether it is generally accept[ed] as reliable" (People v Middleton, 54 NY2d 42, 49). "The general acceptance of novel scientific evidence such as a psychological syndrome may be established through texts and scholarly articles on the subject, expert testimony, or court opinions finding the evidence generally accepted in the relevant scientific community" (People v Wernick, 215 AD2d 50, 52, affd 89 NY2d 111).
Here, the record supports the Supreme Court's conclusion that the State failed to establish that the diagnosis of OSPD (nonconsent) is generally accepted in the psychiatric and psychological communities. The evidence at the Frye hearing established that the diagnosis was rejected for inclusion in the latest edition of the Diagnostic and Statistical Manual of Mental Disorders (hereinafter DSM-5) published in 2013, and that no consensus on the validity of the diagnosis had been reached subsequent to the publication of the DSM-5. There was no clear definition or criteria for the diagnosis. Thus, evidence of the OSPD (nonconsent) diagnosis should not have been admitted at the defendant's trial.
Nonetheless, we find the error in admitting such evidence to be harmless. The Supreme Court had sufficient evidence before it, without consideration of the testimony relating to the OSPD (nonconsent) diagnosis, to reach its result that the appellant suffered from a mental abnormality, and there was no reasonable possibility that, had this testimony been excluded, the court would have reached a different verdict (see Matter of State of New York v James N., 171 AD3d 930, 932; Matter of State of New York v Abdul A., 123 AD3d 1047, 1048).
A mental abnormality is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03[i]; see Matter of State of New York v Donald DD., 24 NY3d 174, 187). "Thus, not only must the State establish by clear and convincing evidence the existence of a predicate condition, disease or disorder,' it must also link that condition, disease or disorder' to a person's predisposition to commit conduct constituting a sex offense and to that person's serious difficulty in controlling such conduct'" (Matter of State of New York v Dennis K., 27 NY3d 718, 726).
Here, independent from the diagnosis of OSPD (nonconsent), the appellant was diagnosed with antisocial personality disorder (hereinafter ASPD) and narcissistic personality disorder (hereinafter NPD). While ASPD by itself is insufficient to support a finding of mental abnormality (see Matter of State of New York v Donald DD., 24 NY3d at 189), the appellant was also diagnosed with NPD. Moreover, the State established that the appellant's NPD manifests with a strong sexual component, and linked the appellant's NPD diagnosis to his predisposition to commit [*3]sex offenses. Thus, "the State established by clear and convincing evidence the predisposition prong of the mental abnormality test" (Matter of State of New York v Dennis K., 27 NY3d at 744). Further, the State established by clear and convincing evidence that the appellant has "serious difficulty in controlling" his sexual conduct (see Matter of State of New York v Floyd Y., 30 NY3d 963, 965; Matter of State of New York v Dennis K., 27 NY3d at 734-735, 751-752).
Furthermore, we agree with the Supreme Court's determination, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Roderick L., 163 AD3d 826, 828; Matter of State of New York v Carl S., 125 AD3d 670, 672).
The appellant's remaining contentions are either unpreserved for appellate review or without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court