Matter of Wayne J. v State of New York (2020 NY Slip Op 03328)





Matter of Wayne J. v State of New York


2020 NY Slip Op 03328


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


486 CA 19-00496

[*1]OF WAYNE J., CONSECUTIVE NO. 127873, FROM CENTRAL NEW YORK PSYCHIATRIC CENTER, PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH, AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 






DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Oneida County Court (Walter W. Hafner, Jr., A.J.), entered January 10, 2019. The order, inter alia, continued the commitment of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, petitioner appeals from an order of County Court, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see
§ 10.09 [h]). In appeal No. 2, petitioner appeals from an order of the same court that denied his posttrial motion pursuant to CPLR 4404 (b).
Initially, we note that the appeal from the final order in appeal No. 1 brings up for review the propriety of the order in appeal No. 2 (see CPLR 5501 [a]; see generally Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020]). We therefore dismiss the appeal from the order in appeal No. 2 (see generally CPLR 5501 [a]; Daniel J., 180 AD3d at 1348).
We reject petitioner's contention that the court improperly allowed the admission of expert witness testimony that was based on certain records containing hearsay regarding uncharged conduct with respect to which petitioner did not admit his guilt. The court properly concluded that the Administrative Law Judge's determination to revoke petitioner's parole based on the uncharged conduct was an "adjudication of guilt," and thus the alleged hearsay "is inherently reliable and may be admitted through expert testimony without offending due process" (Matter of State of New York v John S., 23 NY3d 326, 343 [2014], rearg denied 24 NY3d 933 [2014] [internal quotation marks omitted]; see Matter of State of New York v James R.C., 165 AD3d 1612, 1614-1615 [4th Dept 2018]). We further conclude that the court properly determined that the hearsay evidence was more probative than prejudicial on the issue of petitioner's current mental diagnosis and his current dangerousness.
We further reject petitioner's contention that his due process rights were violated by a prolonged delay in holding a hearing in this case. The record reflects that petitioner consented to [*2]certain adjournments and was responsible for other delays, and thus the periods of time attributable thereto "are not chargeable" to respondent State of New York (State) (Matter of State of New York v Keith F., 149 AD3d 671, 672 [1st Dept 2017], lv denied 29 NY3d 917 [2017], appeal dismissed 30 NY3d 1032 [2017]). Specifically, the delays caused by petitioner's appeal in his initial article 10 proceeding and the completion of his expert's report were not chargeable to the State (see id.; see also Matter of State of New York v Kerry K., 157 AD3d 172, 182 [2d Dept 2017]). Additionally, the delays caused by the court's congested calendar and the reassignment to a new judge were "occasioned not by the State's unreadiness . . . and did not deprive [petitioner] of due process of law" under these circumstances (Kerry K., 157 AD3d at 182). Although the annual review hearing was further delayed because the court reassigned counsel to petitioner, that delay was not attributable to the State; the reassignment was based on petitioner's conduct of threatening to kill his assigned counsel.
We reject petitioner's contention that the evidence is legally insufficient to establish that he is a dangerous sex offender requiring confinement. Pursuant to the Mental Hygiene Law, a person is classified as a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The statute defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]). The State established that petitioner's narcissistic personality disorder (NPD) "manifests with a strong sexual component, and linked [his] NPD diagnosis to his predisposition to commit sex offenses. Thus, the State established by clear and convincing evidence the predisposition prong of the mental abnormality test' " (Matter of State of New York v Anthony B., 180 AD3d 688, 690-691 [2d Dept 2020]; see also Matter of State of New York v Horowitz, 176 AD3d 1404, 1404-1405 [3d Dept 2019], lv denied 34 NY3d 913 [2020]). The State also established by clear and convincing evidence that petitioner has "serious difficulty in controlling" his sexual conduct (§ 10.03 [i]; see James R.C., 165 AD3d at 1613; see generally Matter of Allan M. v State of New York, 163 AD3d 1493, 1494 [4th Dept 2018], lv denied 32 NY3d 908 [2018]). The State established that petitioner has made little to no progress in his sex offender treatment program because he, inter alia, continues to deny that he is a sex offender and refuses to admit that he has engaged in sex offending behavior. Contrary to petitioner's contention, the evidence is likewise legally sufficient to support the determination that he requires continued confinement. The State's expert witness opined that petitioner is a dangerous sex offender requiring confinement based on, inter alia, his high scores on risk assessment instruments and his insufficient progress in sex offender treatment (see Matter of State of New York v Scott W., 160 AD3d 1424, 1426 [4th Dept 2018], lv denied 31 NY3d 913 [2018]). We further conclude that the court's determination is not against the weight of the evidence (see id.).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court