Matter of State of New York v Jedediah H. (2020 NY Slip Op 03327)





Matter of State of New York v Jedediah H.


2020 NY Slip Op 03327


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


483 CA 19-00355

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
JEDEDIAH H., RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT PURSUANT TO ARTICLE 10 OF THE MENTAL HYGIENE LAW. 






SARAH M. FALLON, DIRECTOR, MENTAL HEALTH LEGAL SERVICE, ROCHESTER (NEIL T. CAMPBELL OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, J.), entered November 14, 2018 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order revoking his regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.). Contrary to respondent's contention, viewing the evidence in the light most favorable to petitioner (see Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]), we conclude that there is sufficient evidence to support the finding that respondent is a dangerous sex offender requiring confinement, i.e., that he has "a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]; see Matter of State of New York v Jamaal A., 167 AD3d 1526, 1527 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; Matter of State of New York v Edward T., 161 AD3d 1589, 1589 [4th Dept 2018]; see generally Matter of State of New York v Robert F., 25 NY3d 448, 454-455 [2015]).
We further conclude that the determination that respondent is a dangerous sex offender requiring confinement is not against the weight of the evidence. The evidence at the hearing established that respondent had been determined to pose a high risk of reoffending based on the Static-99R assessment tool; that respondent had failed to fully engage in sex offender treatment; that he had committed multiple SIST violations that bore on his risk of sexually reoffending, including possession of a smart phone containing, among other things, sexually suggestive videos of young children; and that he had violated other conditions of SIST that, although not sexual in nature, nevertheless also bore on his risk of recidivism (see generally Jamaal A., 167 AD3d at 1526; Edward T., 161 AD3d at 1589).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court