Matter of State of New York v Joseph R. (2020 NY Slip Op 07781)





Matter of State of New York v Joseph R.


2020 NY Slip Op 07781


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1007 CA 19-01103

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
JOSEPH R., AN INMATE IN THE CUSTODY OF NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT UNDER ARTICLE 10 OF THE MENTAL HYGIENE LAW. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered December 14, 2018 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a nonjury trial, that he is a dangerous sex offender requiring confinement (see § 10.03 [e]) and committing him to a secure treatment facility. We affirm.
Respondent contends that his due process rights were violated by delays in the proceedings. Even assuming, arguendo, that respondent preserved that contention for our review, we conclude that he received due process of law. The provision in Mental Hygiene Law § 10.07 (a) that there is a 60-day deadline for conducting a trial after a probable cause determination has been made is "not a 'strict time limit[]' " (Matter of State of New York v Keith F., 149 AD3d 671, 671 [1st Dept 2017], lv denied 29 NY3d 917 [2017], appeal dismissed 30 NY3d 1032 [2017]), and it is well settled that there is no due process violation where a delay in the proceeding is attributable to the respondent or otherwise beyond the control of the petitioner (see Matter of Wayne J. v State of New York, 184 AD3d 1133, 1134 [4th Dept 2020]; Matter of State of New York v Kerry K., 157 AD3d 172, 181-182 [2d Dept 2017]).
Here, the record establishes that the delay between the probable cause determination and respondent's trial to determine whether he is a detained sex offender who suffers from a mental abnormality was largely attributable to the motions and requests of respondent. Indeed, the record shows "that [respondent] consented to certain adjournments and was responsible for other delays, and thus the periods of time attributable thereto 'are not chargeable to' " petitioner (Wayne J., 184 AD3d at 1134; see Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020], lv denied 35 NY3d 908 [2020]). We note that, even if the delay had operated to deny respondent due process of law, the proper remedy under the circumstances would not be the release of respondent (see Keith F., 149 AD3d at 672; see generally Jackson v Indiana, 406 US 715, 738 [1972]).
We reject the further contention of respondent that he was denied effective assistance of counsel during the delay in the proceeding. Although respondent is entitled to meaningful representation in the context of this Mental Hygiene Law article 10 proceeding (see Matter of [*2]State of New York v Campany, 77 AD3d 92, 93, 98-99 [4th Dept 2010], lv denied 15 NY3d 713 [2010]), it is his burden on appeal to demonstrate the absence of strategic or other legitimate explanations for his attorney's alleged deficiencies (see Matter of State of New York v Leslie L., 174 AD3d 1326, 1327 [4th Dept 2019], lv denied 34 NY3d 903 [2019]; Matter of State of New York v Carter, 100 AD3d 1438, 1439 [4th Dept 2012]; see generally People v Caban, 5 NY3d 143, 152 [2005]), and respondent failed to meet that burden. Moreover, the record reflects that respondent's counsel filed appropriate motions on his behalf and that the delay was not attributable to inaction on the part of respondent's counsel.
Respondent contends that Supreme Court abused its discretion in denying his motion for a Frye hearing with respect to the diagnosis of paraphilia not otherwise specified, nonconsent. Respondent, however, did not request a Frye hearing with respect to that diagnosis. To the extent that respondent contends that the court erred in refusing to hold a Frye hearing with respect to the diagnosis of hebephilia, which respondent did request in his motion, we conclude that, even assuming, arguendo, that the court erred in denying that request, any such error is harmless (see Matter of State of New York v Anthony B., 180 AD3d 688, 690 [2d Dept 2020], lv denied 35 NY3d 913 [2020]; Matter of State of New York v James N., 171 AD3d 930, 931-932 [2d Dept 2019], lv denied 33 NY3d 913 [2019]). There is ample evidence in the record, aside from the diagnosis of hebephilia, to support the determination that respondent suffers from a mental abnormality, and we therefore conclude that there is no reasonable possibility that the exclusion of testimony regarding the hebephilia diagnosis would have resulted in a different verdict (see generally Matter of State of New York v Charada T., 23 NY3d 355, 362 [2014]).
Respondent failed to preserve for our review his contentions that petitioner failed to establish that he had serious difficulty controlling his sexually offending behavior and that he is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility "inasmuch as he did not move for a directed verdict pursuant to CPLR 4401 or challenge the sufficiency of the evidence on those points in any other way" (Matter of Vega v State of New York, 140 AD3d 1608, 1609 [4th Dept 2016]). In any event, viewing the record in the light most favorable to petitioner (see Matter of State of New York v Floyd Y., 30 NY3d 963, 964 [2017]), we conclude that the evidence is legally sufficient to support a determination that respondent has serious difficulty controlling his sexually offending behavior (see Matter of Akgun v State of New York, 148 AD3d 1613, 1614 [4th Dept 2017]; Matter of Rene I. v State of New York, 146 AD3d 1056, 1058 [3d Dept 2017]), and is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility (see Matter of State of New York v Jedediah H., 184 AD3d 1132, 1132 [4th Dept 2020], lv denied 35 NY3d 918 [2020]; Matter of Sincere M. v State of New York, 156 AD3d 1427, 1427-1428 [4th Dept 2017]).
Finally, respondent contends that the court erred in permitting him to proceed pro se. Contrary to respondent's contention, an individual in a Mental Hygiene Law article 10 proceeding "can effectively waive his or her statutory right to counsel only after the court conducts a searching inquiry to ensure that the waiver is unequivocal, voluntary, and intelligent" (Matter of State of New York v Raul L., 120 AD3d 52, 63 [2d Dept 2014]; see Matter of Richard R. v State of New York, — AD3d &mdash, — [Dec. 23, 2020] [4th Dept 2020]). Here, the court conducted the requisite searching inquiry to ensure that respondent's waiver was unequivocal, voluntary, and intelligent (see Richard R., — AD3d at — cf. Raul L., 120 AD3d at 63-64).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court