Matter of Richard R. v State of New York (2020 NY Slip Op 07776)





Matter of Richard R. v State of New York


2020 NY Slip Op 07776


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


922 CA 19-00333

[*1]DISCHARGE OF RICHARD R., CONSECUTIVE NO. 169300, FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH, AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered October 3, 2018 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner in a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, petitioner appeals from an order directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). Petitioner has been in the custody of respondent New York State Office of Mental Health (OMH) since February 2008. In September 2016, OMH issued a determination that petitioner remained a dangerous sex offender requiring continued confinement. In April 2017, petitioner petitioned for discharge and requested an evidentiary hearing to determine whether he was a " '[d]angerous sex offender requiring confinement' " within the meaning of Mental Hygiene Law
§ 10.03 (e). Supreme Court originally scheduled the evidentiary hearing for August 2, 2017 but, in late July 2017, petitioner requested to proceed pro se despite the court's warning that such a request would cause a delay to the evidentiary hearing date. In October 2017, the court held a hearing on petitioner's request to proceed pro se, after which the court granted petitioner's request and rescheduled the evidentiary hearing for December 6, 2017.
At the evidentiary hearing, the court heard testimony from respondents' psychiatric expert and an independent psychiatric expert, and the court determined that petitioner was a dangerous sex offender requiring confinement.
Petitioner contends that he was denied his right to due process based on the cumulative effect of multiple violations of Mental Hygiene Law § 10.09. Even assuming, arguendo, that petitioner's contention with respect to each alleged violation of that statute is preserved for our review, we conclude that petitioner was not deprived of his right to due process. Specifically, we reject petitioner's contention that OMH and the court violated certain statutory deadlines. "Article 10 of the Mental Hygiene Law states repeatedly that failure to comply with various deadlines," including deadlines for when a hearing " 'shall' be commenced," "does not affect the validity of . . . the various actions subject to those deadlines" (Matter of State of New York v [*2]Keith F., 149 AD3d 671, 671-672 [1st Dept 2017], lv denied 29 NY3d 917 [2017], appeal dismissed 30 NY3d 1032 [2017]), inasmuch as "[t]ime periods specified by provisions [of Mental Hygiene Law article 10] for actions by state agencies are goals that the agencies shall try to meet" (§ 10.08 [f] [emphasis added]).
We also reject petitioner's contention that he was deprived of his right to due process because the court did not hold the evidentiary hearing until December 6, 2017, which was over six months after petitioner's request. The court originally scheduled the hearing for August 2, 2017 because of its congested calender, and petitioner is responsible for the remaining delay because he filed his request to proceed pro se two weeks before the originally scheduled evidentiary hearing date and he continued to pursue that request after the court explained to him that it would result in a delay of the evidentiary hearing. Under these circumstances, petitioner's due process rights were not violated by a "prolonged delay in holding [the evidentiary] hearing in this case" (Matter of Wayne J. v State of New York, 184 AD3d 1133, 1134 [4th Dept 2020]; see Keith F., 149 AD3d at 672-673).
Petitioner further contends that the court erred in allowing him to proceed pro se. An individual in a Mental Hygiene Law article 10 proceeding "can effectively waive his or her statutory right to counsel only after the court conducts a searching inquiry to ensure that the waiver is unequivocal, voluntary, and intelligent" (Matter of State of New York v Raul L., 120 AD3d 52, 63 [2d Dept 2014]). "[A] searching inquiry need not adhere to any rigid formula, litany, or catechism" (id. at 62). Here, the court held a hearing and asked petitioner about his "age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (id. [internal quotation marks omitted]). In our view, "the court's record inquiry . . . accomplish[ed] the goals of adequately warning [petitioner] of the risks inherent in proceeding pro se, and apprising [him] of the singular importance of the lawyer in the adversarial system of adjudication" (id. [internal quotation marks omitted]).
We reject petitioner's contention that respondents failed to establish by clear and convincing evidence that he is a dangerous sex offender requiring confinement within the meaning of Mental Hygiene Law § 10.03 (e). At the evidentiary hearing, respondents' psychiatric expert testified that she used a screening tool to determine that petitioner posed a high risk of recidivism. She also testified that she diagnosed petitioner with pedophilic disorder and personality disorder with "antisocial paranoid and narcissistic features," and she testified regarding petitioner's history of victimizing children on multiple occasions, his minimal participation in sex offender treatment, and his inadequate plan to prevent relapses. The independent psychiatric expert's testimony was consistent with the testimony of respondents' expert. Under these circumstances, respondents met their burden of establishing by clear and convincing evidence that he has a mental abnormality that predisposes him to commit sex offenses, and has such an inability to control his behavior that he is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility (see Matter of State of New York v Jamie KK., 168 AD3d 1231, 1232-1233 [3d Dept 2019]; Matter of Allan M. v State of New York, 163 AD3d 1493, 1494-1495 [4th Dept 2018], lv denied 32 NY3d 908 [2018]).
Finally, we have considered petitioner's remaining contentions and conclude that they do not require modification or reversal of the order.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court