Matter of State of New York v Michael M. (2021 NY Slip Op 02636)





Matter of State of New York v Michael M.


2021 NY Slip Op 02636


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


269 CA 19-01140

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
MICHAEL M., AN INMATE IN THE CUSTODY OF NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT PURSUANT TO ARTICLE 10 OF THE MENTAL HYGIENE LAW. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered January 24, 2019 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and a new trial is granted.
Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. Contrary to respondent's contention, petitioner established by clear and convincing evidence that respondent suffers from a mental abnormality as defined by Mental Hygiene Law § 10.03 (i) by establishing "the existence of a predicate condition, disease or disorder" that it linked "to [respondent's] predisposition to commit conduct constituting a sex offense and to [respondent's] serious difficulty in controlling such conduct" (Matter of State of New York v Dennis K., 27 NY3d 718, 726 [2016], cert denied — US &mdash, 137 S Ct 579 [2016] [internal quotation marks omitted]).
We agree with respondent, however, that Supreme Court erred in denying his request to proceed pro se. We have recognized that a respondent in a Mental Hygiene Law article 10 proceeding "can effectively waive his or her statutory right to counsel" once the court "conducts a searching inquiry to ensure that the waiver is unequivocal, voluntary, and intelligent" (Matter of State of New York v Joseph R., 189 AD3d 2126, 2128-2129 [4th Dept 2020] [internal quotation marks omitted]; see Matter of Richard R. v State of New York, 189 AD3d 2119, 2121 [4th Dept 2020]; Matter of State of New York v Raul L., 120 AD3d 52, 63 [2d Dept 2014]). In the instant case, respondent made a timely and unequivocal request to proceed pro se, the court conducted the requisite searching inquiry, and respondent repeatedly evinced an understanding of each of the court's warnings to him regarding the possible consequences of proceeding pro se (see generally People v Hall, 49 AD3d 1180, 1181 [4th Dept 2008]). The court, however, denied the request because it believed that respondent "[had] a good chance of prevailing" but did not believe that respondent "[had] a chance . . . of prevailing if [the court] let [respondent] go pro se."
On the record before us, we conclude that the court's sole rationale for denying the request was its belief that respondent lacked legal training and an understanding of the law, but that is not an appropriate basis on which to deny a request to proceed pro se (see id.). "[M]ere [*2]ignorance of the law cannot vitiate an effective waiver of counsel as long as the defendant was cognizant of the dangers of waiving counsel at the time it was made" (id.; see People v Ryan, 82 NY2d 497, 507 [1993]). Thus, under these circumstances, we agree with respondent that the court's rationale for denying his request to proceed pro se was error requiring reversal of the order and a new trial (see Hall, 49 AD3d at 1182).
In light of our determination, we do not address respondent's remaining contentions.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court