Matter of State of New York v Robert R. (2023 NY Slip Op 03130)

Matter of State of New York v Robert R.

2023 NY Slip Op 03130

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND OGDEN, JJ.

417 CA 22-01064

[*1]IN THE MATTER OF THE STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
ROBERT R., RESPONDENT-APPELLANT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (MARGOT BENNETT MITSCHOW OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 7, 2022, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a nonjury trial, that he is a dangerous sex offender requiring confinement (see § 10.03 [e]) and committing him to a secure treatment facility.
Respondent contends that Supreme Court erred in refusing to preclude the testimony of one of petitioner's expert witnesses on the ground that the testimony of that expert would be cumulative of the testimony of petitioner's other expert. We reject that contention. Although both experts concluded that respondent suffered from a mental abnormality, their testimony was not cumulative because there are distinctions between their diagnoses of respondent (see Matter of State of New York v Justin D., 145 AD3d 735, 736 [2d Dept 2016], lv denied 29 NY3d 906 [2017]; Matter of State of New York v James K., 135 AD3d 35, 38 [3d Dept 2015]; see generally Matter of State of New York v Bass, 119 AD3d 1356, 1357 [4th Dept 2014], lv denied 24 NY3d 908 [2014], cert denied 575 US 941 [2015]).
Respondent failed to preserve for our review his contention that petitioner failed to establish that he had serious difficulty controlling his sexually offending behavior and that he is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility "inasmuch as he did not move for a directed verdict pursuant to CPLR 4401 or challenge the sufficiency of the evidence on those points in any other way" (Matter of Vega v State of New York, 140 AD3d 1608, 1609 [4th Dept 2016]). In any event, viewing the record in the light most favorable to petitioner (see Matter of State of New York v Floyd Y., 30 NY3d 963, 964 [2017]), we conclude that the evidence is legally sufficient to support a determination that respondent has serious difficulty controlling his sexually offending behavior (see Matter of Akgun v State of New York, 148 AD3d 1613, 1614 [4th Dept 2017]), and is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility (see Matter of State of New York v Joseph R., 189 AD3d 2126, 2128 [4th Dept 2020], appeal dismissed & lv denied 37 NY3d 932 [2021]; Bass, 119 AD3d at 1357-1358). To the extent that respondent contends that the determination that he is a dangerous sex offender requiring confinement is against the weight of the evidence, we reject that contention (see generally Matter of State of New York v Robert T., 214 AD3d 1405, 1407 [4th Dept 2023]; Akgun, 148 AD3d at 1614).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court