People v Hemingway (2024 NY Slip Op 01130)

People v Hemingway

2024 NY Slip Op 01130

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

112888
[*1]The People of the State of New York, Respondent,
v
Carissa Hemingway, Appellant.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Mark Schneider, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered February 26, 2021, upon a verdict convicting defendant of the crimes of aggravated driving while intoxicated with a child passenger, driving while ability impaired by drugs and criminal possession of a controlled substance in the seventh degree (two counts), and the traffic infraction of use of mobile telephones.
In September 2019, a police officer observed defendant operating a motor vehicle while using a cellphone. The officer effectuated a traffic stop and, when he approached defendant, saw that her eyes were bloodshot and watery, could "smell the odor of burnt mari[h]uana," and observed that there was a baby in the car. The officer also found marihuana and pills inside a prescription bottle in defendant's handbag. Defendant admitted that she was "self-medicating" with marihuana, and a subsequent blood draw revealed the presence of various drugs, including the active ingredient in marihuana and Oxycodone, a controlled substance.
Defendant was thereafter charged by indictment with aggravated driving while intoxicated with a child passenger (see Vehicle and Traffic Law § 1192 [2-a] [b] [count 1]), driving while ability impaired by drugs (see Vehicle and Traffic Law § 1192 [4] [count 2]), two counts of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03 [counts 3 and 4]) and operating a motor vehicle upon a public highway while using a mobile telephone (see Vehicle and Traffic Law § 1225-c [2] [a] [count 5]).[FN1] The accusatory portion of count 1 of the indictment contained an apparent clerical error in that it referenced an underlying violation of Vehicle and Traffic Law § 1192 (2) — which relates to driving while under the influence of alcohol — rather than Vehicle and Traffic Law § 1192 (4) — which relates to driving while impaired by drugs (compare Vehicle and Traffic Law § 1192 [2], with Vehicle and Traffic Law § 1192 [4]).[FN2] A jury trial ensued and, at the close of proof, defendant moved pursuant to CPL 290.10 to dismiss count 1 of the indictment, contending that the People presented no evidence of defendant's alcohol intoxication. The People cross-moved to amend count 1 pursuant to CPL 200.70. Following an inspection of the grand jury minutes, County Court granted the People's cross-motion and denied defendant's motion to dismiss that count. Ultimately, the jury convicted defendant of all counts. Defendant's subsequent motion to set aside the jury's verdict pursuant to CPL 330.30 (1), upon the ground that the indictment was improperly amended, was denied. Defendant was thereafter sentenced upon her conviction of aggravated driving while intoxicated with a child passenger to six months in jail followed by five years of probation — with the requirement that she attend a victim impact panel — and County Court imposed conditional discharges and fines upon the remaining convictions.
Defendant's sole contention on [*2]appeal is that County Court erred in permitting the People to amend count 1 of the indictment. We disagree. "At any time before or during trial, the court may, upon application of the [P]eople and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]; see People v Sharlow, 217 AD3d 1120, 1123 [3d Dept 2023], lv denied 40 NY3d 1013 [2023]).Here, County Court granted the People's motion to amend the indictment to reflect that the underlying crime charged was impairment by drugs, in violation of Vehicle and Traffic Law § 1192 (4), as opposed to alcohol. The amendment was properly allowed, as it was to correct an apparent clerical error, did not change the People's theory of the case as reflected in the evidence before the grand jury, and defendant has demonstrated no prejudice (see People v Hawkins, 130 AD3d 1298, 1301 [3d Dept 2015], lv denied 26 NY3d 968 [2015]; People v Teribury, 229 AD2d 829, 829 [3d Dept 1996]). To be sure, the People consistently maintained, both before the grand jury and at trial, that defendant drove while impaired by drugs — not alcohol. Moreover, the grand jury minutes, which we have reviewed, indicate that the grand jurors were properly instructed on count 1. Correcting the statutory citation was consistent with that instruction and did not change the theory of the case — clearly, defendant had notice of the charges against her. Thus, County Court did not err in granting the People's application to amend the indictment.
Aarons, J.P., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The People miscited the latter statutory provision in the indictment as Vehicle and Traffic Law § 1225 (c) (2) (a), but defendant does not challenge the validity of the indictment in this respect.

Footnote 2: The accusatory portion of count 1 alleged that "[t]he defendant, . . . on or about September 17, 2019, drove and operated a motor vehicle in violation of subdivision two of section 1192 of the vehicle and traffic law while a child who was [15] years of age or less was a passenger in such motor vehicle, to wit, on the aforementioned date, the defendant did operate . . . a motor vehicle, on . . . a public highway, in violation of subdivision two of section 1192 of the vehicle and traffic law while a child . . . was a passenger in such motor vehicle" (emphasis added).