People v Garcia (2025 NY Slip Op 01779)

People v Garcia

2025 NY Slip Op 01779

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Ind. No. 4073/17|Appeal No. 3412|Case No. 2019-04139|

[*1]The People of the State of New York, Respondent,
v
Miguel Garcia, Appellant.

Twyla Carter, The Legal Aid Society, New York (Desiree Sheridan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura Ward, J.), rendered June 17, 2019, convicting defendant, upon his plea of guilty, of two counts of persistent sexual abuse, and sentencing him, as a second violent felony offender, to concurrent terms of three years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his challenge to the People's amendment of the indictment inasmuch as it does not raise a jurisdictional defect (see People v Guerrero, 126 AD3d 613, 614 [1st Dept 2015], affd 28 NY3d 110, 117 [2016]). Moreover, this claim is unpreserved where the record shows that defendant failed to challenge the court's decision directing the People to amend the indictment or the People's amendment (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Parrilla, 285 AD2d 157, 159-161 [1st Dept 2001], lv denied 97 NY2d 657 [2001], cert denied 535 US 1020 [2002]), and we decline to review it in the interest of justice.
As an alternative holding, we reject it on the merits. The factual allegations underlying the indictment establish that the People's theory was that defendant subjected the victims to sexual contact without their consent. Supreme Court, therefore, after reviewing the grand jury minutes and determining there had been a typographical error, properly permitted the People to amend both counts in the indictment by inserting "out" at the end of the word "with" in regard to the charges of violating Penal Law § 130.53, so that the indictment correctly alleged that defendant "subjected another person to sexual contact without the latter's consent" (see People v Johnson, 178 AD2d 300, 300 [1st Dept 1991], lv denied 79 NY2d 1003 [1992]; see also People v Bausano, 122 AD3d 1341, 1341 [4th Dept 2014], lv denied 25 NY3d 1069 [2015]; People v Penna, 261 AD2d 641, 642 [2d Dept 1999], lv denied 93 NY2d 976 [1999]; People v Teribury, 229 AD2d 829, 829 [3d Dept 1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025