Matter of State of New York v Scott P. (2026 NY Slip Op 01667)

Matter of State of New York v Scott P.

2026 NY Slip Op 01667

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND HANNAH, JJ.

128 CA 24-01508

[*1]IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT.
vSCOTT P., RESPONDENT-APPELLANT, 

TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.

 Appeal from an order of the Supreme Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered March 8, 2024, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order revoking his regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.). We affirm.
Contrary to respondent's contention, petitioner established by clear and convincing evidence (see Mental Hygiene Law § 10.11 [d] [4]) that respondent is a dangerous sex offender requiring confinement (see § 10.03 [e]; see generally Matter of State of New York v George N., 160 AD3d 28, 30 [4th Dept 2018]). The evidence at the SIST revocation hearing established that respondent had scored "[w]ell [a]bove [a]verage" for risk of sexual recidivism based on the Static-99R assessment tool; that he failed to fully engage in sex offender treatment; that he demonstrated increased sexual preoccupation as well as ongoing deceptive behavior; that he committed multiple SIST violations that bore on his risk of sexually reoffending, including possession of a smartphone containing, among other things, extensive pornography; and that he had violated other conditions of SIST that, although not sexual in nature, nevertheless also bore on his risk of recidivism (see Matter of State of New York v Steven A., 193 AD3d 1344, 1345 [4th Dept 2021], lv denied 37 NY3d 911 [2021]; Matter of State of New York v Jedediah H., 184 AD3d 1132, 1132-1133 [4th Dept 2020], lv denied 35 NY3d 918 [2020]; see generally Matter of State of New York v Jamaal A., 167 AD3d 1526, 1527 [4th Dept 2018], lv denied 33 NY3d 902 [2019]).
We also reject respondent's contention that Supreme Court improperly credited the testimony of petitioner's expert. It is well established that the court, "as the trier of fact, was in the best position to evaluate the weight and credibility of the conflicting [psychological] testimony presented" and we see no reason to disturb its decision to credit the testimony of petitioner's expert over that of respondent's expert (Matter of State of New York v Connor, 134 AD3d 1577, 1578 [4th Dept 2015], lv denied 27 NY3d 903 [2016]; see Matter of State of New York v Motzer, 79 AD3d 1687, 1688 [4th Dept 2010]; see also Matter of State of New York v Smith, 145 AD3d 1445, 1446 [4th Dept 2016]).
Finally, respondent failed to preserve for our review his contention that the court erred when it considered certain opinion and hearsay testimony (see Matter of State of New York v Nervina, 120 AD3d 941, 942 [4th Dept 2014], affd 27 NY3d 718 [2016], cert denied 580 US 1023 [2016]; see generally Horton v Smith, 51 NY2d 798, 799 [1980]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]) and we decline to exercise our power to review [*2]that contention in the interest of justice (see Nervina, 120 AD3d at 942).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court