People v Hemingway (2025 NY Slip Op 02965)

People v Hemingway

2025 NY Slip Op 02965 [44 NY3d 939]

May 15, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 8, 2025

[*1]

The People of the State of New York, Respondent,
v
Carissa Hemingway, Appellant.

Argued April 8, 2025; decided May 15, 2025

PROCEDURAL SUMMARY

Appeal, by permission of an Associate Judge of the Court of Appeals, from an order of the Appellate Division of the Supreme Court in the Third Judicial Department, entered February 29, 2024. The Appellate Division affirmed a judgment of the Clinton County Court (William A. Favreau, J.), which had convicted defendant, upon a jury verdict, of aggravated driving while intoxicated with a child passenger, driving while ability impaired by drugs, criminal possession of a controlled substance in the seventh degree (two counts), and use of mobile telephones.

People v Hemingway, 224 AD3d 1167, affirmed.

HEADNOTE

Crimes
 - Indictment
 - Amendment
 - Typographical Error

In a prosecution arising from defendant's driving while under the influence of drugs with a baby in the car, County Court did not err in permitting the People to amend the count of the indictment charging aggravated driving while intoxicated with a child passenger (Vehicle and Traffic Law § 1192 [2-a] [b]) to correct the number of the subdivision of the underlying violation of the crime for which defendant was indicted. Amendments to correct demonstrable typographical errors that align with the evidence adduced in the grand jury, do not change the People's theory of the case or otherwise prejudice the defendant fall within the ambit of CPL 200.70 (1), which permits amendments to correct "defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like." Here, while the charge in the indictment stated that defendant had violated subdivision (2) of section 1192, which pertains to alcohol intoxication, rather than subdivision (4), which pertains to drug impairment, the evidence on which the grand jury voted to indict demonstrated that defendant was impaired by drugs, the second count of the indictment correctly charged defendant with a violation of subdivision (4), and the People consistently presented evidence of defendant's drug impairment at trial.
APPEARANCES OF COUNSEL

Mark Schneider, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

{**44 NY3d at 940} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed.
Defendant drove while under the influence of drugs with a baby in the car. She admitted to using marijuana and a subsequent blood test confirmed the presence of the active ingredients in marijuana and oxycodone. Defendant was indicted for several crimes arising out of the incident. The issue on this appeal is whether County Court erred in permitting the People to amend the indictment to correct a typographical error regarding the number of the subdivision of the underlying violation of the crime for which she was indicted. We hold that County Court did not err.
Count 1 of the indictment charged defendant with "Aggravated driving while intoxicated . . . [w]ith a child" in violation of Vehicle and Traffic Law § 1192 (2-a) (b), which provides that "[n]o person shall operate a motor vehicle in violation of subdivision [(2), (3), (4), or (4-a)] of this section while a child who is fifteen years of age or less is a passenger in such motor vehicle." Though the evidence before the grand jury demonstrated that defendant was impaired by drugs, and the grand jury voted to indict defendant based on that evidence, count 1 of the indictment nonetheless specifically alleged that defendant had violated "subdivision [(2)] of section 1192," which pertains to alcohol intoxication, rather than subdivision (4), which pertains to drug impairment. Count 2 of the indictment, by contrast, correctly charged defendant with violating subdivision (4)—driving while ability impaired by drugs (see Vehicle and Traffic Law § 1192 [4]). After the close of evidence at trial, where the People consistently presented [*2]evidence of defendant's drug impairment, County Court, on the People's application, ordered the amendment of the indictment to reflect that the reference to subdivision (2) in count 1 was "erroneous," and should have referenced subdivision (4) (compare Vehicle and Traffic Law § 1192 [2], with subd [4]). The Appellate Division affirmed, because the amendment "correct[ed] an apparent clerical error, did not change the People's theory of the case as reflected in the evidence before the grand jury, and defendant has demonstrated no prejudice" (224 AD3d 1167, 1169 [3d Dept 2024]).
We agree that the circumstances of this case demonstrate that the reference to subdivision (2) was a typographical error, and that County Court did not err in ordering the indictment{**44 NY3d at 941} amended pursuant to CPL 200.70 (1). Amendments to correct demonstrable typographical errors that align with the evidence adduced in the grand jury, do not change the People's theory of the case or otherwise prejudice the defendant fall within the ambit of CPL 200.70 (1), which permits amendments to correct "defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like." This conclusion is consistent with CPL 200.70's aim of "avoid[ing] technical objections not affecting a substantial right of the defendant" (Staff Comment of Temp St Commn on Rev of Penal Law & Crim Code, 1967 Proposed NY CPL 100.60 [enacted as CPL 200.70] at 177; see also People v Perez, 83 NY2d 269, 275 [1994]). Finally, the amendment was not precluded by CPL 200.70 (2) (a) or (b) because the original indictment legally and factually alleged all of the elements of aggravated driving while intoxicated.
Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Order affirmed, in a memorandum.