People v Hemingway (2025 NY Slip Op 07045)

People v Hemingway

2025 NY Slip Op 07045

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CR-24-0589
[*1]The People of the State of New York, Respondent,
v
Carissa Hemingway, Appellant.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

Mark Schneider, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Clinton County (William Favreau, J.), rendered February 5, 2024, which revoked defendant's probation and imposed a sentence of imprisonment.
In February 2021, defendant was convicted of, among other things, aggravated driving while intoxicated with a child passenger, driving while ability impaired by drugs and two counts of criminal possession of a controlled substance in the seventh degree. County Court sentenced her to six months in jail, to be followed by five years of probation, on the conviction of aggravated driving while intoxicated with a child passenger and imposed conditional discharges and fines on the remaining convictions. The judgment of conviction was subsequently affirmed by this Court (224 AD3d 1167 [3d Dept 2024], affd 44 NY3d 939 [2024]). In September 2023, a probation violation petition was filed alleging that defendant violated various general and special conditions of her probation by failing to inform her probation officer about contact with law enforcement, not pursuing employment and testing positive on three separate occasions for use of illicit drugs. Defendant thereafter waived a hearing and admitted to violating the terms of her probation by using illicit drugs on three separate occasions. As a result, County Court revoked defendant's probation and imposed a prison term of 1 to 3 years on the conviction of aggravated driving while intoxicated with a child passenger and lesser concurrent periods of incarceration on the remaining charges. Defendant appeals.[FN1]
We are unpersuaded by defendant's contention that the resentence is harsh and severe given, among other things, her substance abuse addiction and mental health illness. Defendant admitted that she repeatedly used methamphetamines while on probation, and the record reflects that such use continued even after being charged with the current probation violation. In view of this, and given the nature and circumstances of the underlying convictions, we do not find that the sentence imposed is unduly harsh or severe, and decline to modify the sentence in the interest of justice (see CPL 470.15 [6] [b]). Defendant's remaining arguments, including that the principles of the Less is More Community Supervision and Revocation Act (see Executive Law § 259-i [3] [f], as amended by L 2021, ch 427, §§ 6, 10) should be considered despite this matter not being within the actual scope of that Act, have been examined and found to be unpersuasive.
Pritzker, J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).

Footnotes

Footnote 1: Upon renewal, this Court granted defendant's motion for a stay of execution of the judgment pending appeal, and defendant was released on her own recognizance.